# Central of Georgia Railway Co.
# v. Henderson.

*Action for Damages for Failure to Deliver Goods.*

(Decided July 2, 1907. 44 South. 542.)

1. *Carriers; Transportation of Live Stock; Contract; Pleading.*—
Where the contract of carriage provided that, as a condition prece-
dent to the owner's right to recover any damage for loss or injury
to the stock, the owner or person in charge should give notice in
writing of his claim to some officer of the delivering road, or its
nearest station agent, before the stock was removed from destination
or place of delivery, and before it was mingled with other stock, it
is a valid offense to an action for failure to deliver that neither the
owner nor the person in charge of the stock on his behalf gave any
notice in writing of the loss of the mule before the removal of the
remainder of the stock from the place of destination and
that neither the defendant nor its agent at destination counted
the mules and did not know the number that were in the car or

that one was alleged to have been missing, when properly pleaded. (Tyson, C. J., Haralson and Denson, JJ., dissent.)

2. *Same; Receipt of Animals; Evidence.*—Where the carrier receipted for 28 mules, and it is further shown by a witness that his firm operated a stock yard and received 28 mules consigned to plaintiff and delivered them to the defendant railway for delivery to the plaintiff, is sufficient to show that defendant received that many for transportation, or at least to submit that question to the jury for decision.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by J. M. Henderson against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

This cause was tried upon the following counts: Count 1: "Plaintiff claims of the defendant $150 as damages for the failure to deliver certain goods, viz., one mule received by it as a common carrier to be delivered to plaintiff at Searight for a reward, which it fails to deliver." Count 3: "Plaintiff further claims of the defendant $150 as damages, for that the defendant, on, to wit, November 2, 1905, was a common carrier operating a line of railway between Montgomery, Ala., and Searight, Ala., and as such common carrier received 28 mules, the property of the plaintiff, to carry to Searight, Ala., and deliver to plaintiff for a reward; and plaintiff avers that it failed to deliver one of said mules to plaintiff at Searight, Ala."

The defendant interposed the following pleas: (1) The general issue. (2) "That it received 28 mules at Montgomery, Ala., to be transported to Searight, Ala. Said mules were shipped by one William Francis, and were consigned to Monroe Henderson. That the mule sued for was a part of said shipment. That for the consideration of a reduction of freight charges to be paid for the transportation of the said stock it was agreed by defendant and by William Francis, the shipper of said

stock, that as a condition precedent to the right of the owner to recover any damages for loss or injury to said stock the owner or person in charge of said stock shall give notice in writing of his claim thereof to some officer of the delivering road or its nearest station agent before said stock is removed from the place of destination above mentioned, or from the place of delivery of the same, and before said stock is mingled with other stock. The defendant says that neither the owner of the stock nor any other person in behalf of said owner gave any notice in writing to any of its officers or agents before said stock was removed from the place of destination above mentioned." (4) Same as 2, down to and including the words "is mingled with other stock," where they occur in said second plea, and adds the following: "Defendant further says that the 28 mules were loaded by it in one car, transported to Searight, and that the said car was then delivered to plaintiff or to his agents. That plaintiff or his agents there removed from said car the mules contained therein and took them into possession and carried them away. That neither the owner of the stock nor any other person in behalf of said owner gave any notice in writing to any of its officers or agents before said stock was removed from place of destination above mentioned." (5) Just the same as 4, with this additional averment: "And defendant says that its agent at Searight, Ala., who delivered said car of mules to plaintiff or his agent, did not count said mules, and did not know the number of mules in said car, and did not know that one mule is alleged to have been missing."

Demurrers were interposed to these pleas, and demurrers were sustained to pleas 4 and 5. The evidence tended to show that 28 mules were delivered to defendant by the agent of the consignee, and that only 27 mules

were delivered. There was evidence tending to support the pleas, and also that, when the car was received at Searight, Ala., the seal on the car was unbroken, and that it was impossible to open the door of the car without breaking the seal. There was judgment for plaintiff, and defendant appeals.

CHARLES, P. JONES, and W. F. THETFORD, for appellant. The pleas were good and the court improperly sustained the demurrers to them.—*Western Ry. Co. v. Harwell*, 91 Ala. 340; *N. C. & St. L. Ry. v. Parker*, 123 Ala. 683.

HILL, HILL & WHITING, for appellee. The pleas were not a valid defense and the court properly sustained demurrers to them.—*G. H. & S. A. R. R. Co. v. Ball*, 16 S. W. 441; 6 Cyc. 408 and 508. The court properly refused to give the affirmative charge.—*Beale v. Johnson*, 140 Ala. 239.

TYSON, C. J.—The third count of the complaint predicated the plaintiff's right of recovery upon the facts alleged that defendant was a common carrier and as such received 28 mules, to be transported to Searight, Ala., to be there delivered to plaintiff for a reward, and that it failed to deliver one of said mules. The defendant undertook by several special pleas to invoke as a defense that provision of the bill of lading which is in this language: "It is further agreed, for the consideration before mentioned, that as a condition precedent to his right to recover any damages for loss or injury to said stock the owner or person in charge of said stock shall give notice in writing of his claim therefor to some officer of the delivering road or its nearest station agent, before said stock is removed from the place of destina-

tion above mentioned, or from the place of delivery of the same, and before said stock is mingled with other stock." The demurrer to these pleas, which was sustained, is not shown by the record. It must therefore be presumed that it pointed out the defect in each of them, if one exists.—*Hodge v. Tufts,* 115 Ala. 366, 22 South. 422. It will be noted that it is not averred in either of said pleas that the owner or any other person had charge of the mules while in transit; and in view of the fact that the condition relied upon imposes the duty or obligation on the "owner or person in charge of said stock" to give notice of any damage for loss or injury, etc., to the mules, conceding the applicability of this term of the bill of lading to this character of cases, the pleas are clearly defective. It is entirely clear, from the context of the bill of lading in its entirety, that it was contemplated that the owner or his agent was to accompany the mules in transit, and therefore the duty or obligation was laid upon such person in that clause of the bill of lading under consideration. The reason for this is obvious. Where the owner or his agent accompanies the stock, they being under his charge and care, he has every opportunity of knowing, not only that all of them reach their point of destination, but also what their physical condition is at that point, and therefore can readily give the required notice. The clause cannot be held to apply where the stock are not in charge of their owner or some other person while being transported, unless we disregard its plain language, and thereby eliminate, as meaningless, the words "owner or person in charge of said stock." In other words, we must make a new contract to hold otherwise, which, of course, we have neither the right nor the disposition to do.

But, aside from this consideration, it is clear from the context of the clause above quoted that it has no application to this case. It is in effect conceded that if only one mule was shipped, and it was never delivered, or if none of them were delivered, the clause would be wholly inapplicable, and notice would not be required. If this be true, and undoubtedly it is, then the condition named can have no application where only one mule of a lot was not delivered. It is apparent, it seems to us, that the words "loss or injury" are synonymous, and that the clause has application only where the stock which were delivered were damaged or injured while in transit. By no rule of construction can the applicability of the clause be made to depend upon the number of mules shipped. Furthermore, it was the duty of the defendant to know, and it must be presumed to have known, how many mules it received for delivery and how many it delivered to plaintiff; and it is not to be supposed that it stipulated for information as to matters fairly within its knowledge. As to the condition of the stock delivered, it is easy to understand the nature of the interest the defendant would have as to prompt information of any claim for damages or injury to them. This marks the limit of the right of the carrier to contract with respect to such information from the shipper. And this was obviously the purpose of the stipulation under consideration, as shown by its plain language, namely, "shall give notice in writing of his claim therefor before said stock is removed from the place of destination above mentioned or from the place of delivery of same and before such stock is mingled with other stock."—*Galveston H. & S. A. Ry. Co. v. Ball,* 16 S. W. 441, 80 Tex. 602.

It is suggested, however, in reply to the first point of objection taken to the pleas, that if the bill of lading im-

[Central of Georgia Railway Co. v. Henderson.]

posed the obligation upon the owner to accompany, or to have an agent to accompany, the stock, and he failed to do so, he breached his contract, and therefore should be required to give the notice. His breach of this obligation cannot alter the contract and thereby give the defendant the benefit of a stipulation by judicial enlargement which, by its very terms, is not provided for. If plaintiff's breach of the contract was the proximate cause of the loss of the mule, it is not hinted at in either of the pleas; and clearly, in order for defendant to defeat a recovery on this ground, it must tender that issue by appropriate pleading.

In these views Justices HARALSON and DENSON concur. But the other justices do not. They hold that special pleas numbered 4 and 5 present a good defense to the action, and that error was committed in sustaining the demurrer to each of them.

There is no disagreement on the remaining point to be considered, involving the court's refusal to give the affirmative charge, with hypothesis, requested by defendant. This insistence proceeds upon the theory that there was no testimony tending to establish that defendant received the 28 mules for shipment. This is not borne out by the record. In addition to defendant's receipt for that number of mules, Perry testified that his firm operated a stockyard and received the 28 mules to be shipped to plaintiff, and that all of them were delivered to defendant. On this testimony it could not be affirmed as matter of law that defendant did not receive the 28 mules.

Reversed and remanded.

DOWDELL, SIMPSON, ANDERSON and McCLELLAN, JJ., concur.

TYSON, C. J., and HARALSON and DENSON, JJ., dissent.