# Alabama Storage & Ice Co. *v.* Kratzer Ice Cream Co.

*False Representations and Breach of Contract.*

(Decided Nov. 23, 1911. Rehearing denied Dec. 14, 1911.
56 South. 767.)

1. *Appeal and Error; Review; Finding of Court.*—The finding of the court upon conflicting evidence will not be reviewed on appeal.

2. *Damages; Mitigation.*—Unless it is otherwise shown by the evidence the burden of proving that damages resulting from the breach of the contract were augmented by plaintiff's failure to minimize the loss, rests on the defendant.

3. *Landlord and Tenant; Condition of Premises; Action; Damages.* Where an ice cream company rented a cold storage room under a contract that it was to be kept at a certain temperature and continued to use it, for thirty or forty days, making many complaints as to the temperature, although the room was not kept at the agreed temperature and much ice cream was spoiled, the continued use of the room did not bar a recovery of the damages sustained, for while the company was bound to use reasonable exertion to prevent loss upon a breach of the contract, it was also its duty to endeavor to carry out the contract.

[Alabama Storage & Ice Co., v. Kratzer Ice Cream Co.]

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by the Kratzer Ice Cream Company against the Alabama Storage & Ice Company for damages for false representation, and for breach of contract. Judgment for plaintiff and defendant appeals. Affirmed.

RAY RUSHTON, and WILLIAM M. WILLIAMS, for appellant. Counsel insist that plaintiffs failed to prove the allegation of the 3rd count upon which count the judgment was based. Assuming that the contract was breached by the Storage Company in failing to keep the temperature of the room at 20 degrees, still the court erred in rendering a judgment for the full value of the cream lost, as the evidence shows that the plaintiffs failed to take reasonable action to minimize the damage.—*Murrell v. Whiting*, 32 Ala. 54; *Benziger v. Miller*, 50 Ala. 206; *Dryer v. Lewis*, 57 Ala. 551; *Lilly v. Fletcher*, 81 Ala. 834; *Watson v. Kirby*, 112 Ala. 436; *L. & N. v. Sullivan*, 138 Ala. 379; 105 U. S. 324; 84 Am. Dec. 330; 28 Conn. 343; 21 S. W. 971. The burden of proving some definite amount as damages, to which the plaintiff is entitled, is on the plaintiff throughout the trial, and where there appears in the case, either under a special plea, or under the general issue, without objection or otherwise, evidence showing that the plaintiff by the use of reasonable diligence could have prevented the flow of damage, the burden of proving the line of demarcation between the damages to which the plaintiff is entitled and the damages which should be cut off in mitigation is on the plaintiff.—*Buist v. Guice*. 96 Ala. 255; *B. R. L. & P. Co. v. Harden*, 156 Ala. 244; *B. R. L. & P. Co. v. Camp*, 161 Ala. 456.

HILL, HILL & WHITING, for appellee. A complaining contractor is not called upon to act until after the breach.—*L. & N. v. Sullivan*, 138 Ala. 395; *L. & N. v. Marbury*, 125 Ala. 260. The delinquent must plead the rule of mitigation of damages in abatement of the sum sought to be recovered and having done so, the burden of proof thereof, rests on him.—*Strauss v. Mertief*, 64 Ala. 307; *Wilkerson v. Black*, 80 Ala. 332; *Marks v. Mills*, 134 Ala. 352.

PELHAM, J.—This case was tried in the court below without a jury. The plaintiffs (appellees) brought suit to recover damages for alleged false representations and breach of agreement or contract to maintain a certain temperature in the cold storage room of the plaintiffs, by pumping brine from a tank through coils of piping. The defendant (appellant) pleaded the general issue in short by consent, and the case was tried on the issue thus formed, and judgment rendered for plaintiffs on the third count of the complaint; this count being ex contractu, seeking to recover damages for breach of a contract entered into between the parties, whereby the defendant agreed to keep plaintiffs' storage room at a temperature of 20 degrees Fahrenheit for a period of 5 years for a consideration of $60 per month. Connected with, and as a part of, the contract, the parties entered into a lease, whereby the plaintiffs rented or leased the storage room and certain other space in defendant's building to operate an ice cream business. On the faith of this lease and contract, the plaintiffs put in a concrete floor, and otherwise fitted up the leased space in defendant's refrigerator plant for the conduct of their business.

The testimony was in conflict as to the temperature maintained in the cold storage room; the plaintiffs' be-

[Alabama Storage & Ice Co., v. Kratzer Ice Cream Co.]

ing to the effect that it was never lower than 23 degrees Fahrenheit, and that it would go higher than 30 degrees Fahrenheit, and that almost daily complaints were made by the plaintiffs to the defendant to keep the room at the contract temperature, and, in consequence of the failure in this particular, large quantities of ice cream were lost, due to "softening."

The appellant's contention that a judgment could not legally be rendered on the evidence in favor of appellees on the third count of the complaint, for the reason that the allegations of the third count were not proven, is without merit. True the evidence was in conflict, and there was evidence introduced on the part of the appellant tending to prove acts or omissions constituting a breach of the contract on the part of the appellees, and that the low temperature was attributable to the fault of appellees; but the trial court, having weighed and considered all the evidence pro and con upon the breaches of the contract, reached the conclusion that the appellant had breached the contract, and that the appellees were entitled to recover for the breaches committed by the appellant; and this court, upon review of the finding of the lower court, will not disturb its findings on the disputed facts and judgment rendered thereon, unless the evidence plainly fails to support the finding. We are by no means convinced, after a careful examination of the evidence, that the judgment of the lower court is not supported by the evidence. Although the evidence is in serious conflict on the material issue before the court as to the responsibility for a breach of the contract, there was abundant evidence to support the finding that appellant breached the contract by failing to keep the storage room at the temperature agreed and contracted to be maintained.

It is the further contention of appellant that the court erred in the amount of judgment rendered, in that it failed to take into consideration and reduce the damages by the amount shown to have been due to the failure of appellees to minimize the loss, or stop the flow of damages after the breach of the contract. But what amount of damage was due to such failure upon the part of appellee? The amount, if any, is not shown by the evidence in any definite sum, either directly or inferentially, so that the court could make an estimate or arrive at any conclusion as a basis for diminishing the damages or mitigating the amount of loss, and this, being defensive matter, must be made to appear by the defendant, upon whom the burden is cast, unless it is otherwise shown by the evidence.—*Murrell v. Whiting,* 32 Ala. 54, 67.

The breach of the contract was a continuing act, occurring from day to day, and consisting in a failure to keep the room at the contract temperature. While it was the duty of the appellees to use reasonable exertions to prevent loss after a breach of the contract by the appellant, it was also their duty to endeavor to carry out the contract in good faith; and it appears from the evidence that only a part of the ice cream put in the storage room from day to day was "softened" or rendered unmerchantable, and that appellees, from day to day for 30 or 40 days, continued to use this room in the operation of their business, making complaint from time to time of the high temperature, and requesting appellant to comply with the contract and reduce the temperature to the degree agreed upon. It also appears from the evidence that during this period the appellees were "paddling down" the ice cream, and attempting to save that part of it that "softened," and to make use

[Alabama Storage & Ice Co., v. Kratzer Ice Cream Co.]

of the storage room, which varied in temperature on the different days. Under these circumstances, even if the contract had been practically broken, the fact that the appellees had relied in good faith on a belief that the appellant would get the temperature down, and had continued to use it for a reasonable time under such expectancy, would not prevent a recovery of the damage occasioned during such user.—*Ford v, Ill. Refrigerator Const. Co.,* 40 Ill. App. 333.

Appellees could not be expected to abandon their contract and lose the valuable improvements installed by them, without giving the storage room a fair and reasonable trial, and it is not shown that they persisted too long or unreasonably in their expectation of appellant's complying with the contract and reducing the temperature of the room, or that they did not protect themselves reasonably from loss growing out of a continuing use of the storage room after they had ascertained that it was not kept at a sufficiently low temperature to preserve their product; but, even if they had, the amount of damage thus occasioned, by failing to use reasonable precautions to minimize the loss, is not shown by the evidence, and it is apparent that no attempt was made on the trial to separate the damage, if any, accruing after the contract was breached by the appellant; on the contrary, the case was tried on the general issue, and the contention and efforts of appellant were entirely directed to showing that there had been no breach of the contract.

It does not appear that the court below committed error in the judgment rendered, and the case will be affirmed.

Affirmed.