# Nashville, C. & St. L. Ry. v. Hinds.

## *Injury to Stock.*

(Decided May 27, 1912.   59 South. 669.)

*Carriers; Freight; Claim for Damages; Stipulations for Notice.*
—Section 4297, Code 1907, does not require that the contract or bill of lading itself shall contain the statement that the event is peculiarly within the knowledge of the party required to give the notice, but merely that the prohibition contained in the statute shall not prevent such stipulation if, as a matter of fact, the event is peculiarly within the knowledge of the party required to give the notice; and a plea setting up such a contract should allege (as a matter of fact to be proven) that the event was peculiarly within the knowledge of such party.   The contract is not rendered void for failure to state that fact in words.

(Dowdell, C. J., Anderson and McClellan, JJ., dissent.)

Question certified from the Court of Appeals.

A. M. Hinds brought an action against the Nashville, Chattanooga & St. Louis Railway for damages for injury to stock.   The defendant set up in pleas 4 and 7 certain clauses of the contract of shipment, and on appeal to the Court of Appeals, from a judgment for plaintiff, the Court of Appeals certified certain questions of law to the Supreme Court.

See 5 Ala. App. 596; 59 South 670.

STREET, ISBELL & BRADFORD, and SPRAGINS & SPEAKE, for appellant.   The stipulation was good and the plea setting it up was good.—*C. of Ga. v. Henderson,* 152 Ala. 203.   Section 4297 of the Code does not have the effect of annulling or superseding this decision.   The parties could have made a contract fixing the relation of shipper and private carrier.—*Barron v. M. & O.,* 56 South. 862; *L. & N. v. Oden,* 80 Ala. 38.

JOHN A. LUSK & SON, for appellee.   No brief reached the Reporter.

ANDERSON, J.—The opinion of the Supreme Court is invoked, pursuant to the statute, because of division among the Judges of the Court of Appeals upon questions of law set forth and shown by the following certification:

"In the above-entitled case, the Judges of this court being unable to reach a unanimous conclusion, the undersigned Judges of said court, pursuant to the provisions of the statute in such cases made and provided, hereby certify to the Supreme Court of Alabama the following questions of law as to which the Judges differ:

"In said case there was one count to the complaint, which was in the following language: 'The plaintiff claims of the defendant two hundred and fifty dollars damages for the failure to deliver certain cattle animals of the cow kind, four in number, received by it, as a common carrier, to be delivered to the plaintiff at Atlanta, Georgia, for a reward, and which said four cattle animals of the cow kind it failed to deliver.'

"Among other pleas to the complaint, the defendant filed the following pleas:

" 'Plea 4.   That plaintiff received the animals referred to in the complaint, together with other animals, under a written contract between plaintiff and defendant for the transportation thereof, which written contract contained a provision or stipulation in words and figures as follows, to wit: "10. That as a condition precedent to the recovery of any damages for any loss or injury to live stock covered by this contract for any cause including delays, the second party will give in writing notice of the claim therefor to some general officer, or to the nearest station agent of the first part, or

to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment, or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of stock at destination, to the end that such claim may be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims, and to any suit or action brought thereon." And the plaintiff did not give any written notice of a claim for the loss or injury to said stock, as provided for in said provision or stipulation.'

" 'Plea 7. Defendant adopts plea 4 in full, and further alleges that the loss or injury to said cattle was unknown to defendant or its agents at the time of unloading.'

"Question: Is the clause copied from the contract, which was made since the adoption of the present Code, and fully set out in plea 4, void because of the provisions of section 4297 of the Code, which section has been adopted since the rendition by the Supreme Court of the opinion in the case of *Central of Georgia Railway v. Henderson,* 152 Ala. 203 [44 South. 542]? This contract was made in Alabama, and the stock was to be delivered in Atlanta, Georgia. Is the above clause valid as to this particular shipment, and as to the interstate shipments?

"The above question is submitted as an abstract proposition, as directed by the statute, reference being made to the case in which the question arises, for the convenience of the Supreme Court."

The clause designated as section 10 in the foregoing statement seems to have been upheld by the majority opinion in the case of *Central of Georgia Railway Com-*

*pany v. Henderson,* 152 Ala. 203, 44 South. 542. But section 4297 of the Code of 1907 was adopted subsequent to the rendition of the opinion in the *Henderson Case, supra,* and said section expressly makes void all agreements or stipulations forfeiting any right of action for a failure to present a claim for damages, unless the event pertaining to the loss or injury be peculiarly within the knowledge of one party; that is, information must be given by one party to another only when the happening of the event is within the knowledge of one, and is unknown to the other. The clause in question provides a forfeiture for a failure to give notice, whether the loss or injury was or was not peculiarly within the knowledge of the defendant, and was therefore void under the terms of section 4297 of the Code. This clause seems to have been an attempt merely to comply with the rule as declared in the *Henderson Case, supra,* and did not take into account the statute since adopted.

Congress, under its powers, may provide for contracts for interstate shipments, permitting the carrier to limit its liability for a stipulated value or consideration; but, in the absence of such legislation on the subject, a state may require common carriers, although in the execution of interstate business, to exercise a certain degree of care and responsibility, whether enacted into a statute or resulting from the rules of law enforced in its courts. "The state has a right to promote the welfare and safety of those within its jurisdiction by requiring common carriers to be responsible to the full measure of the loss resulting from their negligence, a contract to the contrary notwithstanding."—*Penna. R. R. v. Hughes,* 191 U. S. 477, 24 Sup. Ct. 132, 48 L. Ed. 268; Hutchinson on Carriers, § 209.

[Nashville, C. & St. L. Ry. Co. v. Hinds.]

We hold that the statute in question applies to interstate, as well as intrastate, shipments, in the absence of a federal statute authorizing such contracts as set out in section 10 of the present bill of lading; and if there is such a statute it has not been suggested in brief of counsel for the appellant.

The foregoing expresses the views of the writer, concurred in by DOWDELL, C. J., and MCCLELLAN, J. The majority of the court, however, composed of SIMPSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., hold contrary views, as expressed in the majority opinion by SIMPSON, J.

SIMPSON, J.—Section 4297 of the Code does not require the contract itself to contain the statement that the event is "peculiarly within the knowledge" of the party who is required to give the notice, but merely that the prohibition of the statute shall not prevent such stipulations, if, as a matter of fact, the event is peculiarly within the knowledge of the party.

It results that, although the plea should allege, as a matter of fact to be proved, that the event was peculiarly within the knowledge of the party, yet the contract is not void for failure to state that fact in words.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., dissent.