# Northern Alabama Railway Company *v.* Bidgood.

### *Damages for Injury to Stock.*

(Decided June 19, 1912. 59 South. 680.)

1. *Carriers; Goods; Damages; Notice; Claim.*—A shipper's failure to give notice in writing of a claim for loss or injury to live stock before removing it, or intermingling it with other live stock, does not defeat his right of action thereto, under section 5518, Code 1907.

2. *Same; Nature of Liability.*—Where a carrier accepts stock for transportation, without issuing bill of lading therefor, it assumes as to such shipment, the common law liability of the common carrier.

3. *Appeal and Error; Review; Finding by Court.*—Where a cause is tried by the court without intervention of the jury, its findings on a disputed issue of facts will be given the same force as the verdict of the jury,. and will not be disturbed on appeal, unless it plainly appears that it is wrong or erroneous.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by G. E. Bidgood against the Northern Alabama Railway Company. Judgment for plaintiff and defendant appeals. Affirmed.

Plea 2 is as follows: "The defendant further alleges that under and by virtue of the terms and conditions of the contract for the transportation of the cattle, injury to which is claimed, among other things, it is provided as follows: 'That, as a condition precedent to any right to recover any damages for loss or injury to said live stock, notice in writing of the claim therefor shall be given to the agent of the carrier actually delivering said live stock, wherever such delivery may be made, and that such notice shall be so given before said live stock is removed or is intermingled with other live stock.' And defendant alleges that plaintiff failed or refused to give such notice in writing, as provided in said contract, and that the cattle were removed from the car at place of destination, or intermingled with other live stock, without said notice having been given by the plaintiff, or any person acting for him, to the defendant, or to the agent of the carrier actually delivering said live stock."

BANKHEAD & BANKHEAD, for appellee. Plea 2 was proven without dispute, and the defendant was entitled to a verdict.—C. of G. R. Co. v. Dothan M. Co., 159 Ala. 225. The provisions set up therein are valid. —C. of G. v. Henderson, 152 Ala. 203.

WILLIAMS & JONES, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—The appellee alleges in his complaint that on or about October 17, 1907, the appellant received, at Russellville, Ala., 42 head of cattle to be transported and delivered by it, as a common carrier, to the appellee at Brookside, Ala.; that it failed to deliver the cattle within a reasonable time; and that by reason thereof the cattle were injured, to the appel-

lee's damage in the sum of $400. The case was tried by the court without the intervention of a jury, there was a judgment for appellee, and this appeal is taken to reverse that judgment.

1. There were a number of pleas to the complaint; but, as plea 2 is the only plea to which our attention is called by the brief of counsel for appellant, we will confine our attention to plea 2, which the reporter will set out in full in his report of this case. This plea, prior to the adoption of the present Code, constituted a defense to suits of this character.—*Central of Georgia Ry. Co. v. Henderson,* 152 Ala. 203, 44 South. 542. The plea, in the form set out in the present record, since the adoption of the Code of 1907, does not constitute a defense to suits like the present.—*N. C. & St. L. Ry. v. Hinds* (Sup.) 59 South. 669; *N., C. & St. L. Ry. v. Hinds, infra,* 59 South. 670.

The appellant claims that the allegations of plea 2 were proven without dispute, and that therefore the judgment of the trial court must be reversed. The judgment of the trial court, rendered without the intervention of a jury upon a disputed issue of fact, is treated on appeal as the verdict of a jury is treated on appeal, and will not be disturbed, unless a verdict of a jury, upon the same issue of fact, would be set aside.—*Ala. Storage & Ice Co. v. Kratzer Ice Cream Co.,* 2 Ala. App. 604, 56 South. 767.

There are many sharp conflicts in the evidence set out in the bill of exceptions. One sharp conflict is upon a subject which was vital to the issue presented by plea 2. The appellee's evidence had a strong tendency to show that when the cattle were delivered to and received by appellant a *bill of lading* was *issued.* The evidence of appellant, on the other hand, tended strongly to show that no *bill of lading* was *ever issued* covering the ship-

ment, but *only a waybill*. If no bill of lading was issued, then plea 2 falls to the ground. The waybill is set out in the bill of exceptions, and it does not contain the contract which plea 2 sets up as a defense. The trial court had before it evidence on this subject which could not be brought before this court on this appeal, viz., the appearance and the demeanor of the witnesses while they were testifying upon the stand. There was a dispute in the testimony as to the issues presented by plea 2; and, as the finding of the trial court on those issues is entitled, on this appeal, to the same weight as the verdict of a jury, we do not feel that the judgment of the trial court should be disturbed.

2. Undoubtedly the waybill introduced in evidence was strongly corroborative of the testimony of the appellant's witnesses that Wilson only delivered 38 head of cattle instead of 42 head of cattle, to appellant. Wilson swore positively that he delivered 42 head of cattle to the appellant for transportation to Brookside, and in this he was corroborated by the testimony of his son. The appellee swore positively that when the cattle reached Brookside there were 42 head in the car—4 dead and 38 living. Appellant's agent at Brookside testifies positively when the car reached Brookside there were only 38 cattle in the car; that they were in good condition; and that there were no dead cattle in the car. The agent at Russellville testified, in substance, that Wilson only delivered to appellant 38 head of cattle. In short, in every material particular, the evidence of appellee was flatly contradicted by the evidence of appellant. All of the witnesses on both sides were more or less interested in the result. Appellee was interested, because he was a party to the suit. Wilson and his son were not disinterested, because Wilson sold the cattle to appellee, and he and his son loaded them in

the car at Russellville. All of the witnesses for appellee were or had been its employees. The trial court, as we have above stated, was in a better position than we to ascertain the truth of the matter in dispute, and for reasons already stated we do not think that its determination of the issue should be disturbed.

3. Of course, if the appellant, as its evidence tends to show, accepted the cattle for transportation to Brookside, without issuing to appellee a bill of lading, that fact in no way affected its liability as a common carrier. The bill of exceptions sets out the form of the only bill of lading which was in use by appellant at the time of this shipment, and the failure of the company to issue a bill of lading, if it, as claimed by it, in fact did fail to do so, really inured to the benefit of appellee. It placed upon appellant the broad, common-law liabilities of a common carrier, so far as this shipment was concerned.

The judgment of the court below is affirmed.

Affirmed.