[Nashville, Chattanooga & St. Louis Ry. Co. v. Cash.]

# Nashville, Chattanooga & St. Louis Ry. v. Cash.

### Damage to Goods.

#### (Decided November 25, 1915.   70 South. 269.)

1. **Carriers; Goods; Damages; Plea.**—Where the action was for damages to an automobile in transit, a plea which alleged that the contract contained a clause providing that defendant should not be liable for any damages not caused by its negligence, and that the damages complained of were not caused by its negligence, being a plea in confession and avoidance and the burden of pleading and proving the matter of avoidance being on defendant, the plea should have accounted affirmatively for the damages to the automobile by setting up the exculpatory facts instead of merely denying that the damage was caused by its negligence.

2. **Same.**—In such an action a plea which alleges that the contract provided that defendant should not be liable unless a claim for damages was made in writing to the carrier at the point of delivery or origin within four months after the delivery of the property, and that such claim was not presented within such time, and that the damage to the automobile was peculiarly within the knowledge of plaintiff, and unknown to defendant, was not subject to demurrer on the ground that the plea did not aver that the contract contained a stipulation requiring plaintiff to give information of the happening of any event peculiarly within his knowledge.

3. **Same; Evidence.**—Where not shown to be the act of the delivering carrier, or any authorized agent, a paper offered in evidence by plaintiff to show that he had paid the freight upon the automobile, for injuries to which damages were claimed, should not have been admitted.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by H. M. Cash against the Nashville, Chattanooga & St. Louis Railway, for damages to an automobile in transit. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The action was the usual action for damages for goods in transit. The following are the pleas referred to: (4) Defendant says that the contract between plaintiff and defendant contained a clause providing that defendant should not be liable for any damages to the property not caused by the negligence of defendant, and defendant avers that the damages complained of were not caused by the negligence of defendant.

(5) Defendant says that the contract between plaintiff and defendant contained a clause, providing that defendant should

[Nashville, Chattanooga & St. Louis Ry. Co. v. Cash.]

not be liable unless a claim for loss, damage, or delay was made in writing to the carrier at the point of delivery, or at the point of origin, within four months after delivery of the property, and defendant avers that plaintiff did not, within said four months, present a claim for said damage or loss at the point of delivery or at the point of origin, and defendant avers that the damage or injury to the automobile complained of was peculiarly within the knowledge of plaintiff, and was unknown to defendant.

The demurrer to this plea was: It does not aver that the contract contained a stipulation requiring plaintiff to give information of the happening of any event peculiarly within the knowledge of plaintiff.

SPRAGINS & SPEAKE, and STREET & BRADFORD, for appellant. JOHN A. LUSK & SON, for appellee.

SAYRE, J.— (1) Plea 4 was a plea of confession and avoidance. The burden of averment and proof as to the matter of avoidance was upon the defendant. The matter of avoidance alleged is that the contract of affreightment contained a clause, providing that the defendant carrier should not be liable for any damages to the property not caused by the negligence of the defendant. Thus far the plea, as for any ground of objection taken against it, does well enough. But the plea should have accounted affirmatively for the damage to the automobile by alleging the exculpatory facts. Instead it merely denied that the damage complained of was caused by the negligence of defendant.

(2) Plea 5 was a good plea.—*N., C. & St. L. Ry. v. Hinds,* 178 Ala. 657, 59 South. 669. For error in sustaining the demurrer the judgment must be reversed.

(3) Apart from any question as to its relevancy or materiality, the paper, offered in evidence by plaintiff with the purpose, we suppose, of showing that he had paid the freight, should not have been received, for the reason that it was not shown to be the act of the delivering carrier or any authorized agent.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.