(78 South. 925)

NASHVILLE, C. & ST. L. RY. CO. v. CAMPER. (8 Div. 106.)

(Supreme Court of Alabama.   May 9, 1918.)

1. CONTRACTS ☞176(1) — INTERSTATE SHIPMENT—CONSTRUCTION—PROVINCE OF COURT.

The construction of a contract for a through interstate shipment of live stock is a matter for the court, and not for the jury.

2. CARRIERS ☞46—INTERSTATE SHIPMENT—WHAT LAW GOVERNS.

The rights, liabilities, and remedies of parties under a contract for a through interstate shipment of live stock are governed alone by pertinent federal laws.

3. CARRIERS ☞46 — INTERSTATE SHIPMENT — WHAT LAW GOVERNS.

If otherwise entitled to recover, the provisions of the Carmack Amendment (Act Cong. Feb. 4, 1887, c. 104, § 20, 24 Stat. 386, as amended by Act Cong. June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. 1916, §§ 8604a, 8604aa]) should be accorded appropriate effect in determining the liability of the carrier to the shipper in case of interstate shipments.

4. CARRIERS ☞159(1) — STIPULATION AS TO NOTICE OF CLAIM—VALIDITY.

Stipulations in interstate bills of lading requiring notice of claim of damages and extinction of the right to recover therefor if the notice stipulated is not given are valid and effective, and if the notice of claim required by the bill of lading is not given the carrier is not liable in any form of action.

5. CARRIERS ☞148—INTERSTATE SHIPMENTS —WHAT LAW GOVERNS.

Code 1907, § 4297, making void stipulations forfeiting rights for failure to give notice, is not applicable to interstate shipments.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by F. O. Camper against the Nashville, Chattanooga & St. Louis Railway Company for damages for failure to deliver stock. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The following is plea 3:

That the contract between plaintiff and defendant contained a clause in substance that as a condition precedent to the recovery of any damages for any loss or injury to live stock covered by the contract for the claim therefor to some general officer, or to nearest station agent of the delivering line, before such stock is removed from the point of shipment or from the place of destination and before such stock is mingled with other stock, such written notification to be served within one day after delivery of the stock at destination to the end that such claim may be fully and fairly investigated, and that a failure to comply with this clause shall be a bar to the recovery of any and all such claims and to any suit or action brought thereon; and defendant avers that said written notification was not given to either of the persons named above and that information as to the injury complained of was peculiarly within the knowledge of the plaintiff, in that the matters complained of were known to said Henry Knight & Co. at the time of delivery, and were unknown to defendant for more than 24 hours thereafter, and until after said cattle were mingled with other cattle or moved away, and defendant avers that the delivery of the cattle was made by Louisville & Nashville Railroad Company at Louisville, Ky., and that defendant was not present at the time and place of delivery by agent or otherwise, and that the injury and loss complained of occurred on the line of the Louisville & Nashville Railroad Company.

Street & Bradford, of Guntersville, for appellant.   John A. Lusk & Son, of Guntersville, for appellee.

McCLELLAN, J.   The complaint counts on the contract of carriage by a common carrier, and is not in tort, for the breach of a duty arising out of the contract of affreightment.   The appellee (plaintiff) delivered to the appellant (defendant) 35 head of cattle to be transported from Hobbs Island, Ala., to Louisville, Ky.   While the bill of lading issued to the shipper contained the station Nashville (presumably Tennessee, though the state is not given) at one place in specifying the destination of the shipment, yet it is plain from a view of the whole instrument that the writing in of the station Nashville was an error; that the bill was a through bill of lading, for interstate transportation from Hobbs Island, Ala., to Louisville, Ky.

[1-5] The construction of this contract of affreightment was a matter for the court's decision, not the jury.   Being an interstate shipment, the rights, liabilities, and remedies. of the parties under the contract are governed alone by pertinent federal laws.   Cin., etc., Ry. Co. v. Rankin, 241 U. S. 319, 36 Sup. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265.   If otherwise entitled to recover, the provisions of the Carmack Amendment should be accorded appropriate effect in determining the liability of the carrier to the shipper. Northern Pac. Ry. Co. v. Wall, 241 U. S. 87, 91, 92, 36 Sup. Ct. 493, 60 L. Ed. 905; G. F. & A. Ry. v. Blish, 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948.   Stipulations in interstate bills of lading requiring notice of claim of damage and extinction of the right to recover therefor if the notice stipulated is not given are valid and effective, and if the notice of claim required by the bill of lading is not given the carrier is not liable therefor in any form of action.   C. & O. Ry. Co. v. McLaughlin, 242 U. S. 142, 37 Sup. Ct. 40, 61 L. Ed. 207; St. L., etc., Ry. Co. v. Starbird, 243 U. S. 592, 37 Sup. Ct. 462, 61 L. Ed. 917.   The provisions of the Alabama statute (Code, § 4297) are not applicable to interstate shipments.   In N. C. & St. L. Ry. v. Hinds, 178 Ala. 657, 59 South. 669, the state statute (section 4297) was erroneously

applied to an interstate shipment. Cin., etc., Ry. Co. v. Rankin, supra, where it was said: "The shipment being interstate, rights and liabilities of the parties depend upon acts of Congress, the bill of lading, and common-law rules as accepted and applied in federal tribunals."

The third plea as amended, which the report of the appeal will reproduce, sought to avail of such a stipulation for notice of damage and claim in bar of the action. The court erred in sustaining a demurrer thereto.

The judgment is reversed and the cause is remanded.

Reversed and remanded. All the Justices concur.