33 So.2d 365

### ATLANTIC COAST LINE R. CO. et al. v. HOLMAN.

#### 4 Div. 951.

Court of Appeals of Alabama.
Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

Reversed on Mandate Jan. 13, 1948.

Evans Hinson, of Montgomery, and Alto V. Lee, III of Dothan, for appellants.

Martin & Jackson, of Dothan, for appellee.

HARWOOD, Judge.

Marvin Holman, the appellee here, and the plaintiff below, brought an action against the Atlantic Coast Line Railroad Company and the Louisville and Nashville Railroad Company, appellants here, to recover damages for injuries to certain of his livestock transported by appellants from Nashville, Tennessee, to Dothan, Alabama. At the trial below issue was reached on appellants' plea which set up Section 4(c) of the Uniform Live Stock Contract prescribed by the Interstate Commerce Commission, under which contract the shipment was made, and appellee's failure to comply therewith. Said Section 4(c) is as follows: "4(c) Before the livestock is removed from the possession of the carrier or mingled with other livestock, the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injuries to the livestock."

In the trial below the appellee withdrew his demand for a jury trial and the case was submitted to the court without a jury on the following agreed statement of facts:

"The demand for a jury trial in this cause having been withdrawn by agreement of both the plaintiff and the defendants in open court, it is hereby agreed that this case be submitted to the trial judge for a judgment on the following facts.

"That on December 16, 1943, at Nashville, Tennessee, the Nashville Horse and

Mule Commission Company shipped to Marvin Holman, the plaintiff in this cause, at Dothan, Alabama, by rail over the Louisville and Nashville Railroad Company and the Atlantic Coast Line Railroad Company, three carloads of horses and mules, said carloads of horses and mules being the property of Marvin Holman and consigned to him at Dothan, Alabama, as his said property; that upon arrival in Dothan, Alabama, of said shipment six of said mules were injured, said mules being more specifically described as

> Number 1679, a black mare mule,
> Number 1702, a gray horse mule,
> Number 1708, a black mare mule,
> Number 1711, a gray mare mule,
> Number 1884, a brown horse mule,
> Number 1166, a bay horse mule.

"That all of said mules were delivered by the Atlantic Coast Line Railroad Company to the said Marvin Holman at Dothan, Alabama, and prior to their delivery the said Marvin Holman did not give notice in writing to said Atlantic Coast Line Railroad Company of any of the injuries to said mules; that all of said injuries were manifest and visible; further, that before said mules were removed from the possession of the said Atlantic Coast Line Railroad Company at Dothan, Alabama, by the said Marvin Holman no notice in writing was given by the said Marvin Holman to the said Atlantic Coast Line Railroad Company of any of the injuries to said mules.

"That Mule Number 1711, a gray mare mule, died as a result of said injuries after delivery of same to said Marvin Holman by the said Atlantic Coast Line Railroad Company and on or during the night immediately following said delivery; that said mule was not mingled with any other livestock before it died and between the time of its delivery to the said Marvin Holman and its said death.

"That Mules Numbers 1679, 1702, 1708, 1884, and 1166 were sold by the said Marvin Holman to O. G. Rosser, Cairo, Georgia, on January 10, 1944, together with two other mules at that time owned by the said Marvin Holman.

"That on February 10, 1944 the said Marvin Holman filed his claim with the Atlantic Coast Line Railroad Company for damages for the injuries received by said mules, said claim being the first notice in writing given by the said Marvin Holman to the said Atlantic Coast Line Railroad Company of any of said injuries to said mules.

"It is further agreed that the reasonable market value of said mule Number 1711, a gray mare mule, was the sum of $255 as of the date of her said injury and death.

"That there is attached hereto the original uniform livestock contract covering this shipment, marked 'Exhibit 1'; further, that there is also attached hereto the claim filed by the said Marvin Holman with the defendant, the Atlantic Coast Line Railroad Company, on February 10, 1944, marked 'Exhibit 2' ".

The court below entered a judgment for the defendants below as to all of the livestock except as to the gray mare mule designated as No. 1711, and as to this mule the court rendered its judgment in the sum of $255 in favor of the plaintiff below. From this portion of the judgment the appellants (defendants below) perfected their appeal to this court.

The sole question presented by the briefs of counsel filed in this appeal relates to the interpretation of Section 4(c) of the Uniform Live Stock Contract, supra, particularly the effect of the word "or" as it appears in such contract.

Section 4(c), supra, seeks to provide for a "notice of claim" to be given by the shipper to the carrier of manifest or visible injuries to livestock transported by it, prior to the actual claim required to be given for such injuries. Such "notice of claim" was filed by the appellee. The question as to whether filing such "notice of claim" is a condition precedent to appellee's (plaintiff's below) recovery therefore need not be considered, but only whether under the terms of Section 4(c) it was timely filed.

"Or," in its ordinary and proper sense, is a disjunctive particle, and it will be so construed, unless there is something in

the context to give it a different meaning. Oxsheer v. Watt, 91 Tex. 402, 44 S.W. 67. The word "or" is ordinarily used and understood in a disjunctive sense (Smith v. State, 15 Ga.App. 536, 83 S.E. 886), and its natural meaning, where used as a connective, is to mark an alternative and present a choice, implying an election to do one of two things. Georgia Paper Stock Co. v. State Tax Board, 174 Ga. 816, 164 S.E. 197; "or" is a disjunctive particle that marks an alternative generally corresponding to "either" as "either this or that." See 2 Bouv. Law Dict., Rawles Third Rev., page 2422; 17 C.J.S. Contracts, § 304, p. 722; 30 Words and Phrases, Perm. Ed., pp. 63 to 80.

Counsel for appellants in their brief state that the reasonable construction to be placed upon the word "or" as it is used in Section 4(c), supra, is to construe it as an alternative.

The language of Section 4(c) so construed we think, under indicated trans-' position and necessarily inferred additions, would read: "The shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injuries to the livestock *either* before the livestock is removed from the possession of the carrier, *or* before it is mingled with livestock."

When so transposed the meaning of the language of Section 4(c) is clear.

■ "Judicial construction of a contract requires a determination of the meaning of the language used, not the ascertainment of some possible but unexpressed intent of the parties." Hunt v. Triplex Glass Co., 6 Cir., 60 F.2d 92, 94.

■ By their written contract it is our opinion that the appellants gave to the shipper an alternative as to when he must file his "notice of claim," that is, either before the livestock is removed from possession of the carrier, or before it is 'mingled with other livestock. The beneficiary of such alternative provisions may exercise his right of choice. Collins v. Whigham, 58 Ala. 438; Wilkinson v. Roper, 74 Ala. 140; Davis v. Robert, 89 Ala. 402, 404, 8 So. 114, 18 Am.St.Rep.

126; Steiner & Sons v. Baker, 111 Ala. 374, 389, 19 So. 976.

■ The agreed statement of facts shows that appellee did give to the appellants the "notice of claim" as to manifest injuries prior to the time that the mule in question was mingled with other livestock. He therefore met the conditions imposed on him by the contract of shipment.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Atlantic Coast Line R. Co. v. Holman, 4 Div. 429, 33 So.2d 367.