33 So.2d 367

**ATLANTIC COAST LINE R. CO. et al. v. HOLMAN.**

**4 Div. 429.**

Supreme Court of Alabama.

Nov. 6, 1947.

2

Evans Hinson, of Montgomery, and Alto V. Lee. III, of Dothan, for petitioners.

Martin & Jackson, of Dothan, opposed.

LAWSON, Justice.

This case seems to have been tried at nisi prius on the theory that plaintiff could not recover unless he had complied with the terms of § 4(c) of the Uniform Livestock Contract, under which the shipment was made. It appears that the question as to whether compliance with the provisions of said section was a condition precedent to plaintiff's recovery was not presented to the Court of Appeals and that court expressly declined to consider such question. Therefore, such question is not presented here. It might be observed, however, that since this suit arises out of an interstate shipment of livestock the rights and liabilities of the parties in connection with such shipment depend upon the acts of Congress, the bill of lading, and common-law principles enacted and enforced by the federal courts. Southern Express Co. v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825, L.R.A. 1917A, 197; Nashville, C. & St. L. Ry. Co. v. Camper, 201 Ala. 581, 78 So. 925. The decisions relating to the right of carriers to require by contract notice of injury inflicted during interstate shipments must be considered in the light of the several changes which have been made from time to time by Congress in the applicable section of the Interstate Commerce Act. 49 U.S.C.A. § 20(11), as amended; Minot Beverage Co. v. Minneapolis & St. L. Ry. Co., D.C., 65 F.Sup. 293.

Section 4(c) of the Uniform Livestock Contract, supra, which we are called upon in this proceeding to construe, reads as follows: "4(c) Before the livestock is removed from the possession of the carrier or mingled with other livestock, the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injuries to the livestock."

The specific question presented here is, When must such notice be given? Can it be given after the injured livestock has been removed from the possession of the carrier if such notice is given before the injured livestock is mingled with other livestock?

The Court of Appeals answered the above question in the affirmative, saying that said § 4(c), supra, "[gives] to the shipper an alternative as to when he must file his 'notice of claim,' that is, either before the livestock is removed from possession of the carrier, or before it is mingled with other livestock." 33 So.2d 365. The conclusion of the Court of Appeals seems to be based on the meaning or use of the word "or" as it is used between the words "carrier" and "mingled" as they appear in said section.

We think that § 4(c), supra, should be interpreted in the light of its purpose and in connection with other sections of the contract.

No decision either federal or state has come to our attention wherein it has been decided when the notice contemplated by § 4(c) of the Uniform Livestock Contract must be given.

But in the absence of statutory or constitutional provisions affecting the question (we are assuming here that there are none) the weight of authority upholds stipulations fairly entered into and reasonable under the circumstances which provide in substance that the carrier shall not be liable unless the shipper gives the notice in writing of the manifest or visible injuries prior to the removal of the stock or the

comingling thereof with other stock. 13 C.J.S., Carriers, § 237(2); 9 Am.Jur. § 811, p. 925.

■ It is well decided that the object and purpose of such stipulations is to give the carrier an opportunity to inquire into the loss or damage without undue expense and inconvenience, so that unjust claims may be thwarted and the carrier enabled to protect itself from fictitious and fraudulent claims. 9 Am.Jur. § 811, p. 925; Black v. Wabash, St. L. & P. Ry. Co., 111 Ill. 351, 53 Am.Rep. 628; Abell v. Atchison, T. & S. F. Ry. Co., 100 Kan. 238, 164 P. 269, L.R.A.1918E, 782; Selby v. Wilmington & W. R. Co., 113 N.C. 588, 18 S.E. 88, 37 Am. St.Rep. 635. A number of cases so holding are cited in the annotation to the case of Snyder v. King et al., 199 Mich. 345, 165 N.W. 840, 1 A.L.R. 893.

■ Applyng the above rule as to the purpose of provisions requiring notice of injuries, we think that a literal compliance with § 4(c), supra, requires that notice be given before the livestock is removed from the possession of the carrier. This construction provokes the inquiry, what effect is to be given to the words "or mingled with other livestock." The answer to that question, we think, is that under the terms of § 4(a) of the Uniform Livestock Contract the shipper at his own risk and expense shall load and unload the livestock into and out of cars, and he should give notice of injuries before the livestock is mingled with other livestock in pens of the carrier. We think that the words "or mingled with other livestock" contemplate notice of injury before such mingling, even though the livestock has not been removed from possession of the carrier when the mingling is done by the shipper on the premises of the carrier. In other words, the carrier seeks to protect itself from having to pay for injuries which occur after transportation ceases and the livestock is unloaded by the owner.

The interpretation placed on § 4(c), supra, by the Court of Appeals is not in keeping with the purpose and object of such stipulation as to notice. Under that construction a shipper could remove an animal with manifest injuries from possession of the carrier and not mingle the animal with other livestock for a period of weeks or months and then give notice of injury and claim that it was suffered during transit. Certainly it cannot be said that such action affords to the carrier a fair and reasonable opportunity to examine and inspect the animal.

While we do not agree with the construction placed on § 4(c) by the Court of Appeals, which permits notice to be made months after injury suffered if made before the animal is mingled with other livestock, we do not hold that in every case and under all circumstances notice must be given before removal from possession of the carrier.

■ The general rule is that a substantial compliance with stipulations as to notice such as is contained in § 4(c), supra, is all that is required in view of the purpose and object of such notice, which, as before indicated, is to afford the carrier a reasonable opportunity to determine the merits and validity of the claim and protect itself against imposition. 9 Am.Jur. § 801, p. 919, and cases cited under note 17.

Such stipulation must be given a reasonable and practical construction, adapted to the circumstances of each particular case. This rule finds support in the case of Missouri, K. & T. Ry. Co. v. Davis, 24 Okl. 677, 104 P. 34, 35, 24 L.R.A.,N.S., 866. That case also involved an interstate shipment of mules. There was provision in the contract under which the shipment was made which read as follows: "The shipper further expressly agrees that as a condition precedent to his right to recover any damages for any loss or injury to said livestock resulting from carrier's negligence as aforesaid, including delays, he will give notice in writing to the conductor in charge of the train or the nearest station or freight agent of the carrier on whose line the injuries occur before said cars leave that carrier's line, or before the livestock are mingled with other livestock or removed from pens at destination."

No written notice of claims for injuries to the mules was served upon the agent of the company before the mules were taken from its stockpens, nor at any time during

4

that day, but the station agent of the company at Ada during the afternoon of the arrival inspected the mules in the pen of plaintiff before they were mingled with other stock and made a written memorandum of the injuries and condition. On the next morning a written notice of claim for damages was served by plaintiff's attorney upon the agent of the company. At the time of such service the mules were in plaintiff's barn and they had not been mixed with other stock. They were conveniently located to the depot of defendant where they could be easily inspected by the company's agent and were inspected by the agent on the day notice was served. It was held that a substantial compliance with the provisions of the contract of shipment as to notice was all that was required and that under the circumstances there had been a substantial compliance. It was said: "In the case at bar the railway company had a representative who had an opportunity both before and after the written notice was served upon him by the shipper to examine and inspect the condition of the mules transported, and he did examine them. At the time of the service of the notice the mules were upon premises adjoining the railway company's property, nearer its depot than its stockpens, and had not been intermingled with other stock; nor had they been placed in such position as to be beyond certain identification or more inconvenient to inspect than they would have been if they had remained in the stockpen until the service of notice. While plaintiff has not *literally* complied with his contract, he did everything that was necessary to afford to the company all of the benefits of its provisions and to give to it every opportunity which literal compliance therewith would have brought to the company. His notice was given to the person and in the manner required in the contract. In our opinion his acts constitute such a substantial compliance with its requirements as to be sufficient." (24 Okl. 677, 104 P. at page 38, 24 L.R.A.,N.S., 866) (Emphasis supplied.)

To like effect see Western Ry. Co. v. Harwell, 91 Ala. 340, 8 So. 649, and cases cited in § VII(b) in annotation to case of Snyder v. King, supra.

 We hold that § 4(c), supra, generally contemplates that notice be given before removal of the livestock from the possession of the carrier; (2) that notice given after removal from the possession of the carrier but before mingling with other livestock is not prima facie sufficient compliance with the requirements of said § 4 (c); (3) but that a substantial compliance with said section is sufficient and that in some instances and under such circumstances as show a substantial compliance with the provisions of § 4(c), supra, notice given after removal but before mingling may be sufficient.

The judgment of the Court of Appeals is reversed and the cause remanded to that court for further consideration in view of the conclusions herein reached.

Judgment of the Court of Appeals reversed and the cause remanded to that court.

Reversed and remanded.

All the Justices concur.