## FRY *vs.* CARTER & HOWELL.

1. Warehouse-men may maintain *assumpsit* for cotton " shipped by them as warehouse-men only," and not delivered to the consignees, *provided* the contract was made with them personally.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. ANDREW B. MOORE.

GEO. W. GAYLE, for the appellant.
WM. M. MURPHY, *contra.*

GOLDTHWAITE, J.—The action was *assumpsit,* brought by the appellees against the appellant, as a common carrier, for failing to carry and deliver cotton according to contract, described in the declaration as having been made with them personally. The bill of exceptions states, that on the trial the plaintiffs proved " that nine bags of cotton, of a certain value, were shipped by them as warehouse-men, on a steamboat of which the defendant was captain, and were not delivered to the consignees in Mobile ; that there was no proof that said cotton belonged to the plaintiffs individually, but the evidence proved that they held and shipped such cotton as warehouse-men only." Upon this evidence, the court was asked to charge, (1st) that the plaintiffs could not maintain their action, without proving the cotton belonged to them individually ; and (2d) that if the cotton did not belong to the plaintiffs, they could not recover, without showing a recovery against them by the owners of it, and satisfaction of the judgment against them. The refusal to give these charges presents the legal questions to be determined by this court.

The general rule is, that when an agent makes a contract *as agent,* it is treated as the contract of his principal, and the latter only can sue or be sued upon it (Story on Agency, § 391; and cases there cited) ; but when an agent makes the contract, not as the representative of another, but in his own name, although it may be notorious that he is in fact acting for an-

other, he is personally a party to the contract, and may sue in his own name, although he has· no personal interest.—*Ib.*, § 392, and cases there cited. And this distinction applies to shippers of goods as well as every other class of agents.—*Ib.*, § 394. It follows, that the plaintiffs would have been entitled to recover upon the evidence as stated in the record, if the contract for the carriage and delivery of the cotton was made with them personally ; and this being the case, before this court can determine that the court below erred, in refusing the first charge, it must see that no such proof was made. This the record does not show. The bill of exceptions, it is true, negatives the fact of any property in the cotton : it states that it was shipped by them as warehouse-men only, and they may have so made it ; but it does not show that the names of the owners were disclosed, and *non constat* that the contract for its carriage may have been made with them personally, and if so, they could maintain an action for its breach.

What we have said renders it unnecessary to consider the second charge requested, as it is obvious, that if we are right in our conclusions, it was properly refused.

Judgment affirmed.