## BUCHANAN *vs.* COLLINS ET AL.

[ASSUMPSIT—EVIDENCE.]

1. *Evidence ; agency.*—A letter relevant to the question at issue, written by the plaintiff's daughter, and, as the evidence conduced to show, by the authority of the plaintiff, is admissible in evidence, in behalf of defendant, in connection with the evidence tending to show the agent's authority.

2. *Same ; declarations of a party.*—A party cannot give in evidence his own declaration in his favor. He may, however, prove all of his declarations, in the same conversation, when a part of them have been proved by his adversary.

3. *Same ; same.*—Where, on the trial in the court below, a declaration of the plaintiff was brought out, (the bill of exceptions being silent as to which party called out this declaration), and other declarations of the plaintiff made at the same time with the first, were called for by the plaintiff, and rejected by the court, and exceptions taken thereto by the plaintiff; the appellate court will presume against the party excepting, that the first declaration was called for by the plaintiff himself, and hold, that there was no error in rejecting evidence, of other declarations, made at the same time.

4. *Same ; facts relevant to the issue, admissible.*—Where the question at issue was the germinating quality of cotton seed, sold by plaintiff to defendant, evidence which tended to show that some of plaintiff's cotton seed, held at the same time, and kept in the same manner as those sold to the defendant, would not germinate, and other facts pertinent to the issue, admissible for the defendant.

APPEAL from the Circuit Court of Russell.

Tried before Hon. ROBERT DOUGHERTY.

THIS action was brought by Richard Buchanan against

J. B. Collins, and others; was commenced on the 5th July, 1867, and was founded upon the following agreement, signed by the defendants :

"By the 15th November, we, or either of us, promise to pay Richard Buchanan, or bearer, $350 in gold, or its equivalent."

The defendant pleaded "the general issue with leave," &c.   At the fall term, 1867, there was a verdict and judgment for the defendants. As the bill of exceptions'states, evidence was introduced tending to show, that the consideration of said contract was for cotton seed sold by plaintiff to the defendant; that they were sold at a public sale, and were represented to be good and sound planting seed, and were honestly believed to be so by the plaintiff.

The letter introduced on the trial was as follows : "*Mr. Jones*—You and Mr. Collins sent word you did not want any more cotton seed; I therefore disposed of them. I would like for you to come and fix your note, and let us get right.        Very respectfully,

R. BUCHANAN."

A son of the plaintiff being a witness for the plaintiff, stated, on cross-examination, that the letter was in the handwriting of a daughter of the plaintiff, and that plaintiff's daughters were in the habit of writing all kind of notes for their father.   There was other evidence of the authority of plaintiff's daughter.

The other facts of the case will be sufficiently understood from reading the opinion of the court.

G. D. & G. W. HOOPER, for appellant.
JOHN A. LEWIS, *contra.*

A. J. WALKER, C. J.—The letter given in evidence had relevancy to the question, whether an offer to return the cotton seed and rescind, was made, and whether it was accepted. The evidence conduced to show, that it was written by the authority of the plaintiff, and it was proper for the court to admit the letter with the evidence, tending to show the agent's authority.   The point is so ruled in

Buchanan v. Collins et al.

*McClung v. Spotswood*, 16 Ala. 165, and *Gimon v. Terrell*, 37 Ala. 208.

It appears from the bill of exceptions, that a witness (John Buchanan) stated the fact of the plaintiff's refusal to sell cotton seed to him. He was then asked by the plaintiff's counsel what he, the plaintiff, said at the same time, when the refusal was made. The plaintiff excepted because the court would not permit that question to be answered. The general rule is, that a party can not give in evidence his own declarations in his favor. He may, however, prove all of his declarations in the same conversation, when a part of them have been proved by his adversary. *Bradford v. Bush*, 10 Ala. 386. It does not appear that the refusal of the plaintiff to sell the cotton seed to John Buchanan was proved by the defendants, and indeed the bill of exceptions is silent as to which party called out that evidence, and we find it difficult, even to form any conjecture on the point. We must presume against the party excepting, that the evidence of his refusal to sell to John Buchanan was introduced by himself. In this view of the case, we cannot decide that the court erred in rejecting evidence of the plaintiff's other declarations, made at the time of such refusal. By an unauthorized and illegal introduction of one declaration by himself, he can not establish a right to introduce others made at the same time. The offer of the plaintiff to prove the particular declarations specified, which were made at the same time, was properly rejected upon the construction which we must give the bill of exceptions.

The testimony of Jones, to which the plaintiff objected, was admissible. It showed that some of the plaintiff's cotton seed, had at the same time, and kept in the same manner with that sold to defendants, would not germinate. It also tended to show that the germinating quality of cotton seed was not accurately determinable from their appearance, and that the plaintiff's own judgment on that subject was not reliable. It had, therefore, a very direct pertinency to questions of fact, which, we can perceive, arose in the case, and the court committed no error in overruling the plaintiff's objections to it.

Affirmed.