[Southern Railway Co. v. Brewster.]

# Southern Railway Co. *v.* Brewster.

## *Damage for Loss of Freight.*

(Decided November 13, 1913.   63 South. 790.)

1. *Parties; Amendment.*—In an action against a railroad company on a bill of lading it is proper to allow the complaint to be amended so as to make the consignor, suing for the benefit of the owner, who was not a party to the transaction, plaintiff instead of the owner, in view of the provisions of section 2490, Code 1907.

2. *Appeal and Error; Review; Presentation of Ground; Trial Court.*—Where it does not appear that defendant either objected or excepted to an allowance of an amendment at the time it was made, he cannot complain of the allowance of the amendment on appeal.

3. *Carriers; Goods; Action.*—Where the action was on a bill of lading against a railroad company for a loss of goods, and the complaint was in statutory form No. 15, proof of a special contract with the carrier limiting its liability is sufficient to support recovery.

4. *Same; Limiting Liability.*—A stipulation in a bill of lading establishing the measure of damages for loss of goods by the carrier is valid and enforceable, although differing somewhat from that fixed by section 5514, Code 1907, and it is improper to allow a recovery for a greater sum than the amount fixed.

5. *Same; Parties; Consignor and Consignee.*—A consignor may sue for the loss of goods, although another is named in the bill of lading as consignee, it being presumed that the consignor has title; hence, where the consignor was the agent of the owner an action for the loss of goods may be maintained in the name of the consignor for the use of the owner, as this is simply the case of an undisclosed principal, the bill of lading not having been endorsed to the owner, and the railroad not being liable to him under section 5546, Code 1907, as holder.

6. *Same; Parties.*—A bill of lading is not an instrument for the payment of money within the provisions of section 2489, and hence, the consignor may sue on the bill of lading, although he was not the owner of the goods lost in the transit.

7. *Same.*—Where the nominal plaintiff, and the real party in interest both shipped cotton over the line of the defendant company, and a bale belonging to the nominal plaintiff was lost, and he was credited with a bale belonging to the real party in interest, an action was properly brought in the name of the nominal plaintiff for its loss, although he and the real party in interest agreed that the latter should take his rights against the company; the bill of lading not having been endorsed in accordance with section 5158, so as to render the company liable under section 5546, Code 1907, to the real party in interest as the holder.

8. *Evidence; Bills of Lading; Admissibility.*—In an action for the loss of goods by a railroad company, a copy of the original bill of lading delivered to the consignor is admissible in evidence without proof of the loss of the original, since section 5547, requires railroad companies to issue duplicate bills of lading on demand of the shipper.

9. *Same.*—Where the agent of the carrier, whose duty it was to report loss of freight, furnished the consignee with a duplicate of his report of the loss of a bale of cotton, such copy of the report was admissible to establish the loss without accounting for the loss of the original.

10. *Same; Admissions; Agent.*—Where a compress company was the carrier's agent for the purpose of checking up the cotton and reporting all shortage, in an action against the carrier for the loss of a bale of cotton, evidence of the declaration and report of such compress company is admissible to establish the loss, being an admission against the interest of the principal.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mike Brewster against the Southern Railway Company for the value of a bale of cotton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint as originally filed named Mike Brewster as plaintiff and the Southern Railway Company as defendant, and was in code form for suits on bills of lading for loss of goods. The amendment was by adding the matters set out in the opinion, and by further adding that Brewster is not the beneficial owner of the said claim here sued on. The charges set out in the assignments of error referred to are as follows:

"(25) If the jury believe from the evidence in this case that the number of bales of cotton were delivered, there can be no recovery in this case for anything more than the difference in value between the missing bales and the bale delivered in its place, with interest thereon.

"(26) If the jury believe from the evidence that Gullatt shipped 163 bales of cotton to Knight, Yancey & Co., and that number was delivered, then there can be no recovery in this case.

"(27) General charge for defendant."

LAWRENCE E. BROWN, for appellant. The complaint was demurrable for uncertain and indefinite allegations.—*Shields v. Sheffield,* 79 Ala. 95. The court was in error in allowing the amendment changing the parties plaintiff.—*Reese v. Reaves,* 131 Ala. 197; *Vinegar B. L. Co. v. Chicago T. & T. Co.,* 131 Ala. 411; *Berry v. T. & C. R. R. Co.,* 134 Ala. 622. Under the bill of lading, the testimony as to the value of the cotton should have been limited to the time and place of shipment.—*A. G. S. v. Clark,* 145 Ala. 459; *So. Ry. v. Cofer,* 149 Ala. 565. Proof of delivery to the Compress Company or failure to deliver to the Compress Company, was entirely immaterial, as the contract called for a delivery to Knight, Yancey & Co., and hence, all the evidence concerning the same should have been excluded, as it was no more than a mere conclusion.—*City of Anniston v. Ivey,* 151 Ala. 392; *Shepherd v. Austin,* 159 Ala. 361; *Davis v. Arnold,* 143 Ala. 228; *L. & N. v. Hall,* 87 Ala. 722. The court erred in permitting copies to be introduced where the original paper was obtainable.—*Harvey v. Thorpe,* 28 Ala. 250; 6 Mayf. 336; 4 L. R. A. 749. Plaintiff failed to prove a non delivery to Knight, Yancey & Co., and he could not recover.—*Gray v. Mobile T. Co.,* 55 Ala. 387; *Steele, et al. v. Townsend,* 37 Ala. 254.

VIRGIL BOULDIN, for appellee. No brief came to the Reporter.

THOMAS, J.—The plaintiff, as named in the original summons and complaint, was Mike Brewster. At the trial, by leave of the court first had and obtained, the complaint was amended so as to make "J. F. Gullatt, suing for the use of Mike Brewster," instead of

Mike Brewster, the plaintiff in the action. There was no error on the part of the court in permitting this amendment.—Code, § 2490; *Am. Union Telegraph Co. v. Daugherty,* 89 Ala. 191, 7 South. 660; *Harris v. Plant & Co.,* 31 Ala. 639; *Cowan v. Campbell,* 131 Ala. 211, 31 South. 429; *Babcock v. Carter,* 117 Ala. 575, 23 South. 487, 67 Am. St. Rep. 193. Besides, if there were, the defendant is in no position to sustain his assignment of error predicated thereon, since it does not appear that he either objected or excepted to the action of the lower court. Presumptively, therefore, the amendment was allowed with his consent. Nor did the court commit error in overruling defendant's demurrer to the complaint as twice amended, which was in substantial compliance with the code form (15) prescribed for suits on bills of lading of common carriers.—*L. & N. R. R. Co. v. Allgood,* 113 Ala. 163, 20 South. 986; *So. Ry. Co. v. Proctor,* 3 Ala. App. 413, 57 South. 513.

The allegations of such a complaint may be sustained even by proof of a special contract with the carrier, wherein its common-law liability is limited.—*L. & N. R. R. Co. v. Landers,* 135 Ala. 510, 33 South. 482; *So. Ry. Co. v. Webb,* 143 Ala. 310, 39 South. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97.

And the consignor may maintain the suit though another is named in the bill as consignee, since the presumption that the latter has title to the goods shipped is merely prima facie, and may be overcome by proof to the contrary.—*Jones v. Sims & Scott,* 6 Port. 138; 4 Am. & Eng. Ency. Law, 525, 536; *L. & N. R. R. Co. v. Allgood, supra; So. Ry. Co. v. Proctor, supra.*

Here, there is evidence tending to show that the bale of cotton, for a failure to deliver which to the consignee named in the bill of lading the defendant is sued, was the property of Mike Brewster, the real plaintiff, and was delivered, together with other cotton, to the defend-

ant at Hollywood, Ala., by J. F. Gullatt, the nominal plaintiff, who was named in the bill of lading as the consignor, though in shipping the cotton he was merely acting for and on behalf of said Mike Brewster, the real owner, but whose ownership, we infer, was not then disclosed to the defendant. Knight, Yancey & Co., cotton brokers at Decatur, Ala., to whom the cotton was being shipped for sale and remittance, were named as consignees. Under this state of facts, we think a suit for a failure to deliver the cotton to the consignee named in the bill may be properly brought, as it is, in the name of the consignor therein named, for the use of the real owner and shipper of the property, where, as here, the bill of lading itself (the contract of carriage) has not been indorsed or formally transferred by such consignor to such owner of the property.—Code, §§ 5546, 5158. It is simply the case of an undisclosed agent, suing for the use of his principal on a written contract made with him personally.—*Fry v. Carter & Howell,* 25 Ala. 479; *Mason v. Hall,* 30 Ala. 599; *Rice v. Rice,* 106 Ala. 636, 17 South. 628.

Section 2489 of the Code, requiring all suits upon promissary notes, bonds, or other contracts, express or implied, *"for the payment of money,"* except instruments governed by the commercial law, to be prosecuted in the name of the party really interested, whether he has the legal title or not, has no application to the contract here sued on, since it is not one for "the payment of money," but one for the transportation and delivery of property.—Code, § 5158; *Sullivan v. L. & N. R. R. Co.,* 138 Ala. 650, 35 South. 694.

Another tendency of the evidence is to the effect that the bale of cotton, for a failure to deliver which the suit is brought, was the property of Gullatt, the nominal plaintiff, and was shipped by him to Knight, Yancey & Co. for sale and remittance, together with 14 other bales,

on the bill of lading introduced in evidence, wherein he was named as consignor; that this particular bale was short on the arrival of the shipment; that in addition to this shipment, he shipped of his cotton to them, counting the 15 mentioned, a total of 163 bales, the particular one referred to being short on arrival, so that they actually received only 162 bales in all of Gullatt's cotton; that shipments were also made by him to them of the plaintiff's (Brewster's) cotton, all of which they actually received; but that when they went to settle, they settled with Gullatt for 163 bales, though they should have settled with him for only 162, paying him for one too many, crediting him by mistake with one of Brewster's bales, and failing to pay Brewster for this bale in settling with him for his cotton. In other words, Knight, Yancey & Co., through mistake, charged Brewster with a shortage of one bale, when the shortage should have been charged to Gullatt, since it was his bale, No. 777, so numbered in the bill of lading, and checked short by the compress company upon arrival at destination of shipment, that was short. Brewster and Gullatt, after this settlement with them, respectively, by Knight, Yancey & Co., ratified it under an agreement between them whereby Gullatt was to retain the pay for the bale of cotton belonging to Brewster, and was, in consideration thereof, to and did transfer to Brewster his, Gullatt's, right of action against the defendant railroad company for its failure to deliver to Knight, Yancey & Co. one of his bales of cotton. There was, however, no indorsement, or other written or formal transfer, of the bill of lading, so as to invest Brewster with the legal title to the contract.—Code, §§ 5546, 5158. Hence we are of opinion that even on this theory of the evidence the suit was properly brought in the name of Gullatt for the use of Brewster.—*Cowan v. Campbell,* 131 Ala. 213, 31 South. 429.

[Southern Railway Co. v. Brewster.]

The plaintiff in support of his case introduced in evidence what purported to be "a copy" of the original bill of lading, which the evidence tended to show was made out and issued by the defendant's agent at the receiving station. The defendant objected to the paper on the ground that it was not the highest and best evidence of the contract, and that no proper predicate had been laid relieving the necessity for the introduction in evidence of the original bill of lading. Section 5547 of the Code requires all railroad companies to issue, on demand of the shipper, duplicate freight receipts or bills of lading, and we are of opinion that the necessary effect of the statute is to make, in favor of the shipper, in a suit against the carrier, such duplicate as much primary evidence as the original bill is of the contract of carriage; hence for this reason, if no other, appellant's objection to the duplicate was without merit, even assuming, without deciding, the truth of the premises upon which it was based.

Section 5514 of the Code fixes the measure of damages, for the failure on the part of a common carrier to deliver goods, at the market value of such property at the place of destination at the time and in the condition it should have been delivered in, with interest from the time it should have been delivered. This is but declaratory of the rule existing at common law. The bill of lading here sued on contains, among others, the following provision: "The amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the cotton at the place and time of shipment under this bill of lading, unless a lower value has been agreed upon or has been determined by the classification upon which the rate is based, in either of which events such lower value shall be the maximum price to govern such compensation." It has been repeatedly held that such a stipulation in a bill of lading, changing the

rule existing at law for the admeasurement of damages, is reasonable and valid.—*So. Ry. Co. v. Cofer,* 149 Ala. 568, 43 South. 102; *L. & N. R. R. Co. v. Sherrod,* 84 Ala. 180, 4 South. 29. The court was in error, therefore, in not limiting, over defendant's objection and exception, the evidence of the value of the cotton to its value at the time and place of shipment.—Authorities supra.

The plaintiff introduced as a witness one Sadler, who testified that he was connected with the firm of Knight, Yancey & Co., the consignees, at the time of the shipment, and was the general agent in charge for them of the Decatur office of the company, to which point the cotton was shipped, and that Knight, Yancey & Co. never received the bale of cotton, for a failure to deliver which this suit is brought, but that the Gulf Compress Company, to whose plant at Decatur all cotton brought in to Decatur over defendant's railroad first went on arrival there, and which was the agent of the defendant, to then check up the cotton and report all shortages, reported to the railroad the shortage of the bale of cotton sued for, informing witness, who was the agent, as said, of the consignees, Knight, Yancey & Co., of the shortage, and furnishing him a copy of the written report to this effect made by the compress company to the defendant railroad company, which report was introduced in evidence. The rule is well settled that the declarations of an agent, or other authorized representative of another, are, within the scope of his authority, and while acting as such, the declarations of the principal, and, if against interest, may be proved as admissions.—*Buchanan v. Collins,* 42 Ala. 419; *Williams v. Shackelford,* 16 Ala. 318. It was therefore competent to prove in this case, as was done, the admission of the Gulf Compress Company, defendant's agent, of the shortage of the bale of cotton on the arrival of the shipment at Decatur; and the copy, made by them then, of

[Harrison v. Birmingham Water Works Company.]

the original report to the defendant company of such shortage, furnished the agent of the consignees, was primary evidence of such admission, which could be introduced without accounting for the absence of the original report.

What we have hereinbefore said with reference to one theory of the evidence is sufficient to indicate our reasons for the opinion that the court did not err in refusing the three charges made the basis, respectively, of the twenty-fifth, twenty-sixth, and twenty-seventh assignments of error.

For the errors hereinbefore pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.