# Illinois Central R. R. Co. *v.* Kilgore & Son.

## *Damages for Delay in Delivery of Goods.*

(Dcided November 10, 1914. Rehearing denied January 21, 1915.
67 South. 707.)

1. *Partnership; Action by; Use of Firm Name; Entity.*—Although a partnership is not a legal entity at common law, yet in view of section 2506, Code 1907, partners may sue under such name where the complaint described the plaintiff as a partnership, composed of the persons there named.

2. *Court; Stare Decesis; Court of Appeals.*—A decision of the Supreme Court holding a local statute applicable to intrastate, as well as interstate shipments must be followed by the Court of Appeals, under section 10, Acts 1911, p. 100.

3. *·Same.*—Under such a decision of the Supreme Court, the Court of Appeals should decide the case presented, and should not certify the cause to the Supreme Court, that it might change its decision, although authorized so to do in case of disagreement; the party objecting having an appropriate and adequate remedy.

4. *Carriers; Goods; Live Stock; Plea.*—Where the action was for damages for injury of live stock, a plea setting up a provision of the

bill of lading requiring notice of loss within ten days as a condition to recovery, and alleging that the loss and injury was peculiarly within the knowledge of the plaintiff, was not sufficient to take the case out of the operation of section 4297, Code 1907, as it is obvious that the facts surrounding the injury to the live stock must have been within the knowledge of the carrier.

5. *Same; Bill of Lading; Provisions.*—Where the bill of lading prescribed the maximum recovery for loss or injury to the stock shipped, the bill of lading fixed the measure of damages, and not section 5514, Code 1907.

6. *Same; Evidence; Party Introducing.*—Where the action was for damages to live stock in Code form, founded on the carrier's common law liability, and the plaintiff, in order to show the contract, introduced the bill of lading, plaintiff was bound by the restriction therein contained, restricting the defendant's liability.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by J. R. Kilgore & Son against the Illinois Central Railroad Company, for damages for failure to deliver and for delay in delivering certain live stock. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint and the pleas sufficiently appear from the opinion of the court. The demurrers interposed to the pleas 3, 4, 5, and 6 separately and severally, are as follows: (1) The contract, requiring notice to defendant of plaintiff's claim, is void. (2) It is contrary to law. (3) It is unreasonable and void. (4) The facts present no bar to this suit. (5) No consideration for the contract was shown. (6) It is not averred that a special rate was given plaintiff to induce the execution of the contract. (7) It is not shown that the happening of the event complained of was peculiarly within the knowledge of plaintiff. (8) The fact that the loss and injury was unknown to defendant constitutes no defense to their negligence. (9) The injury to live stock in transportation by the negligence of a common carrier is not within the provision of section 4297, Code 1907, authorizing contracts requiring notice when the happen-

ing of the event is peculiarly within the knowledge of one of the parties. (10) The matters presented are admissible under the general issue. (11) A defendant cannot contract against his own negligence, and any injury not caused by such negligence is admissible under the general issue.

DAVIS & FITE and PERCY, BENNERS & BURR, for appellant. A partnership has no capacity to sue as such.— *Lister v. Vowel*, 122 Ala. 267; *Kilgore & Sons v. Shannon & Co.*, 6 Ala. App. 537. The suit being based upon interstate shipments, the provisions of paragraph 6 of the contracts of shipment requiring claims to be filed, were valid, and the Alabama statutes and decisions do not affect the same.—*Adams Express Co. v. Croninger*, 33 Sup. Court 148, 226 U. S. 491; *C. B. & Q. R. R. Co. v. Miller*, 33 Sup. Court 155, 226 U. S. 513; *C. St. P. M. & O. Ry. Co. v. Latta*, 33 Sup. Court 155, 226 U. S. 519; *Kansas City So. Ry. v. Carl*, 33 Sup. Court 391; *Wells-Fargo & Co. v. Neiman-Marcus Co.*, 33 Sup. Court 267; *C. N. O. & T. P. Ry. v. Dodd*, 156 S. W. 894; *American Silver Mfg. Co. v. Wabash R. R.*, 156 S. W. 830; *Lefebunre v. Am. Ex. Co.*, 139 N. W. 1117; *Harrison-Granite Co. v. Grand T. Ry.*, 141 N. W. 642. The provision of the contract requiring the claim to be presented within ten days or the railroad company would not be liable, was reasonable and valid.—*So. Ex. Co. v. Caldwell*, 22 L. Ed. 556; 21 Wallace 256; *Mo. Kansas & Texas Ry. v. Harriman*, 33 Sup. C. 397; *Clegg v. St. L. & San F. R. R.*, 203 Fed. 971. Even under the Alabama decision in the Hinds case, pleas 4 and 5 set up proper defenses and the demurrer thereto should have been overruled. The statements of the witnesses Kilgore, as to the average loss in weight per head "by reason of the delay," were clearly conclusions of the witnesses, which

should have been disallowed.—*B. F. Roden Groc. Co. v. Gibson*, 62 South. 388; *Union Painless Dentists v. Dement*, 60 South. 421.

BANKHEAD & BANKHEAD, for appellee. The record does not disclose that the provision in the bill of lading was at any time called to the attention of the court by way of plea or by specific objections to evidence or by the charge of the court; hence was not admissible in this case, either as evidence or as a basis for charges.— *N. C. & St. L. R. R. Co. v. Parker*, 123 Ala. and cases cited. Such agreements will not be contenanced or given effect if they are unreasonable.—*So. Ry. Co. v. Jones*, 132 Ala. 441.

THOMAS, J.—At common law a partnership or firm is not regarded as a legal entity apart from its members; and, as it is a general rule that actions can only be brought by and against persons, natural or artificial —a partnership being neither—it has been almost universally held that all actions and suits involving partnership claims or liabilities must be brought by or against the persons individually who compose the firm. —15 Ency. Pl. & Pr. 839. This rule, however, has received some modification in this jurisdiction. As to suits against partners, it is here provided by statute that such suits may be brought, either against the partnership in its common name, even omitting the names of the individuals composing it, or against the individuals themselves—any one or more of them (Code, § 2506)— and as to suits by partners, it has been established and settled by the decisions of our Supreme Court that such suits may be maintained, either in the partnership name, provided the names of the individuals composing it are set out, or in the name of the individuals themselves.—

*Planters' & Merchants' Bank v. Laucheimer & Sons,* 102 Ala. 457, 14 South. 776; *Simmons v. Titche Bros.,* 102 Ala. 319, 14 South. 786; *Thompson v. Roberts,* 115 Ala. 697, 22 South. 1001; *Foreman v. Weil Bros.,* 98 Ala. 497, 12 South. 815; *Thompkins v. Levy & Bro.,* 87 Ala. 263, 6 South. 346, 13 Am. St. Rep. 31; *Moore v. Martin & Hoyt,* 124 Ala. 291, 27 South. 252; *Lister v. Vowell, et al.,* 122 Ala. 267, 25 South. 564.

In the present case, the plaintiff in the court below, who is the appellee here, was described in the complaint as "J. R. Kilgore & Son, a copartnership composed of J. R. Kilgore and John N. Kilgore." Although the suit is therefore, as contended, one by the partnership (*Kilgore & Son v. Shannon,* 6 Ala. App. 537, 60 South. 522), yet, setting out, as the complaint does, the names of the individuals composing it, such complaint was not subject to the demurrer aimed at it, to the effect that a partnership is without capacity to sue. The court consequently committed no error in overruling the demurrer.—Authorities supra.

To the complaint, which was against the defendant as a common carrier for failure to deliver (in some counts) and for delay in delivering (in other counts) certain cattle shipped by plaintiff over defendant's railroad from Jasper, Ala., to East St. Louis, Ill., the defendant, in addition to the general issue, filed three special pleas, numbered 3, 4, and 5, respectively, setting up in each a provision in the bill of lading to the effect that no claim for loss or damage to the stock should be valid unless made in writing, verified by affidavit, and filed within 10 days after the stock was removed from the cars, and averring in each of such pleas that no such claim had been filed. In addition to these averments common to them all, plea 4 contained the distinguishing additional averment that the loss and injury complained of was

unknown to defendant, its servants or agents, and plea 5, the distinguishing additional averment that "the loss of and injury to plaintiff's stock, as set up in the complaint, was peculiarly within the knowledge of the plaintiff." The demurrers to these pleas, the sustaining of which is assigned as error, and which will be set out in the report of the case, were predicated upon section 4297 of the Code, which has been upheld by our Supreme Court—whose decision has been subsequently followed by this court—as applicable to both intra and inter state shipments.—*N. C. & St. L. Ry. Co. v. Hinds*, 178 Ala. 657, 59 South. 669; *N. C. & St. L. Ry. Co. v. Hinds*, 5 Ala. App. 596, 59 South. 670; *So. Ex. Co. v. Ruth & Sons*, 5 Ala. App. 644, 59 South. 538; *Northern Ala. Ry. Co. v. Bidgood*, 5 Ala. App. 658, 59 South. 680; *N. C. & St. L. Ry. Co. v. Hinds*, 9 Ala. App. 534, 60 South. 409; *Western Union Tel. Co. v. Brazier*, 10 Ala. App. 308, 65 South. 95.

As to whether that decision is, as insisted by appellant's counsel, in conflict with the federal statutes regulating interstate commerce and the decisions of the United States Supreme Court construing them is a question we are foreclosed from considering, since the statutes of this state creating this court make the decisions of our Supreme Court binding on us. Nor does the suggestion of appellant's counsel that we certify the case to our Supreme Court to ascertain, in advance of any present ruling by us, if that court still desires to adhere to or to now overrule its previous decision meet with approval. The necessary effect of the operation of the statute, making their decisions binding on us, is to create the presumption—conclusive so far as may concern any action on the part of this court—that that court does desire to adhere to its former decision. We are therefore without warrant or authority to enter-

tain any doubt or disagreement, so far as regards our official action, as to the correctness of that decision, or to in any wise bring it in question. Section 10, Gen. Act, approved March 9, 1911 (Acts 1911, p. 95).

The statute permits this court to certify to the Supreme Court any question for decision when, upon it, the judges of this court are unable to reach a unanimous conclusion.—Section 2, Gen. Act, approved March 9, 1911. But, as to the standing decisions of that court, the statute, propria vigore, makes our conclusion unanimous as to their correctness (section 10, supra) ; and we would be acting in the teeth of that statute were we to question such a decision by certifying to the Supreme Court that we had disagreed as to its correctness, and by calling on them to say again whether it was correct or not. They would be justified in doing so, and should ignore such a certification. If appellant desires to bring that decision again under review by our Supreme Court, the law affords him an adequate remedy and method by certiorari.

Under that decision and those cited as based upon it, it is clear, as is practically conceded, that the trial court committed no error in sustaining the demurrer as to the special pleas numbered 3 and 4 mentioned, but, it is insisted, the court erred in sustaining it as to plea numbered 5, because that plea averred, as pointed out, that the loss and injury to plaintiff's cattle, as alleged, was a fact "peculiarly within the knowledge of the plaintiff" which allegation, it is contended, brought the plea within the saving provision of the said section 4297 of the Code. We cannot so agree, as we are of opinion that injury done to cattle as the result of the negligence of the carrier in transporting them, which is of such a character as to cause their death in transit and consequent failure to deliver by the carrier, as is alleged in the com-

plaint, is not and cannot, in the nature of things, be such a fact as is "peculiarly within the knowledge of the shipper," but is a fact equally open to the knowledge of the carrier. The plea is herefore repugnant and inconsistent, in that it alleges a fact, or conclusion rather, at variance with the facts it confesses, to wit, it alleges a fact to be *peculiarly* within the knowledge of the plaintiff, when the complaint, which such plea confesses and seeks to avoid, shows, as a necessary inference from the matters set up in it, it to have been a fact equally open to the knowledge and observation of the defendant. If so, then such plea does not show that the fact was *peculiarly* within the knowledge of the plaintiff, and consequently fails to bring the clause (in the bill of lading) relied on for defense within the saving provisions of said section 4297 of the Code; but such plea merely alleges at most, when properly construed, a conclusion repugnant to the facts which it confessed, and the court, in passing on the sufficiency of the plea, was authorized in ignoring such a conclusion, and in looking only to the facts which it confessed and upon which such conclusion was predicated. These showed that the loss of the cattle by death while on defendant's train was not a fact peculiarly within plaintiff's knowledge.

Section 5514 of the Code fixes, as the measure of damages for the failure of a common carrier to deliver goods or chattels intrusted to it for shipment, the market value of such property at the place of destination at the time and in the condition it should have been delivered. The statute to this extent seems to be but declaratory of the rule existing at common law.

The bills of lading here sued on, and which were introduced in evidence by plaintiff, undertook to fix a different rule and to this end contain, each, the following provision: *"The liability of the railroad company for*

*any loss or damage for which it may be responsible shall not exceed the actual cost at the point of shipment, and in no event exceed the above valuation* [previously set out in the bill of lading as $50 for each bull or ox, $30 for each cow, and $10 for each calf] *for each animal"*— it appearing from the bills of lading that the freight rate charged for the shipment was based on the valuation of the animals as stated.

Whether or not the statute last mentioned as fixing the measure of damages applies to interstate shipments, as this was, which was a shipment of 62 head of beef cattle from Jasper, Ala., to East St. Louis, Ill., or whether, if it did so apply, it would to this extent be void as encroaching upon a field from which the state was impliedly excluded, as contended, by reason of the fact of general congressional legislation upon the subject of interstate commerce (interstate commerce Act and amendments thereto [Act Feb. 4, 1887, c. 104, 24 Stat. 379; U. S. Comp. St. 1913, §§ 8563-8604]), though such legislation did not deal with the particular subject dealt with in that statute, are questions we need not and do not decide; since the decisions of our own courts are in accord with the appellant's other contention that the rule for the admeasurement of the damages for loss in this case is that fixed by the contract in the provision quoted, notwithstanding the statute cited. —*L. & N. R. R. Co. v. Sherrod,* 84 Ala. 180, 4 South. 29; *So. Ry. Co. v. Cofer,* 149 Ala. 568, 43 South. 102; *So. Ry. Co. v. Brewster,* 9 Ala. App. 603, 63 South. 790; *A. G. S. R. R. Co. v. McCleskey,* 160 Ala. 630, 49 South. 433; *Mouton v. L. & N. R. R. Co.,* 128 Ala. 537, 29 South. 602; *So. Express Co. v. Owen,* 146 Ala. 412, 41 South. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143; *So. Ry. Co. v. Jones,* 132 Ala. 439, 31 South. 501.

[Illinois Central R. R. Co. v. Kilgore & Son.]

An examination of the cases cited will show that provisions not materially different from the one here, found in the bills of lading there under consideration, were upheld as valid, in the absence there, as here, of any proof showing imposition, coercion, or undue advantage taken of the shipper, or gross undervaluation of the property in the bill of lading.

The trial court was in error, therefore, in charging the jury that the measure of damages was the market value of the cattle at the place of destination. The judgment is consequently reversed, and the cause remanded.

Reversed and remanded.

## ON REHEARING.

On application for rehearing, it is urged by appellee (plaintiff below) that, since the complaint is, it is insisted, predicated, not upon the bill of lading, but upon the defendant's common-law liability, and since such carrier failed, as it did, to file any special plea setting up the bill of lading and the provision contained therein limiting the amount of damages recoverable for nondelivery of the cattle, the plaintiff was entitled to have such damages measured, not by the terms of the bill of lading (the special contract), which the plaintiff himself introduced, but the rules of law which would, as pointed out in the opinion, have governed in the absence of such a contract, and therefore that we were in error in the opinion in holding that the lower court incorrectly instructed the jury as to the measure of damages. In support of his contention that the complaint, which is in code form (Code, § 5382, form 15), is founded solely on defendant's common-law liability, we are cited to the case of *N. C. & St. L. Ry. Co. v. Parker*, 123 Ala. 683, 27 South. 323, where it was in effect so held,

in that it was there decided that a plaintiff could not recover under such a complaint where the evidence developed that there was a bill of lading issued—a special contract—since, in such case, it was held that there was a variance between allegation and proof.

We find, however, that that case has been expressly overruled on this proposition, and that it is now the law that under such a complaint the plaintiff can recover even by proving a special contract—the bill of lading. —*L. & N. R. R. Co. v. Landers,* 135 Ala. 510, 33 South. 482; *N. C. & St. L. R. R. Co. v. Cody,* 137 Ala. 597, 34 South. 1003; *Walter v. Ala. Great Southern R. R. Co.,* 142 Ala. 481, 39 South. 87; *So. Ry. Co. v. Webb,* 143 Ala. 310, 39 South. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97. This being true, and the plaintiff himself having in this case proved and introduced in evidence under the complaint the bill of lading, he thereby gave his own interpretation as to what that complaint was founded upon; consequently that complaint, which, before such evidence was introduced, was comprehensive enough to include a cause of action on defendant's common-law liability where no bill of lading has been issued for the shipment, because by such evidence, which was of plaintiff's own choosing, narrowed to a cause of action upon the bill of lading; and certainly, therefore, it seems to us clear that the damages recoverable are, as we held in the opinion, to be measured, as in other cases, by the valid provisions of the special contract sued upon and introduced in evidence by the plaintiff.—Authorities supra; *Southern Ry. Co. v. Brewster,* 9 Ala. App. 600 63 South. 790.

Since a bill of lading is not necessary to a cause of action against the carrier (2 Mayf. Dig. 616, § 8), the plaintiff might have given a different interpretation to his complaint by refraining from introducing the bill of

lading in evidence and by proving merely by parol evidence a delivery to and acceptance by the defendant as a common carrier of the cattle for transportation for a reward (*L. & N. R. R. Co. v. McGuire*, 79 Ala. 395), in which event the court's charge as to the measure of damages would have been free from error, as there would have then been no bill of lading before the court, unless the defendant had introduced it in evidence.

Whether, when a defendant introduces in evidence the bill, he could get the benefit of the provision limiting the damages recoverable, without specially pleading such provision, or could do so under the general issue, we need not and do not decide. What we do decide is that when the plaintiff himself introduces the bill under a complaint framed as that here, the measure of damages is governed by the provisions of the bill on that subject, if valid.—*Southern Railway Co. v. Brewster, supra.* If invalid, then, of course such provisions are not binding, and their invalidity may, as was done in this case, be tested out by requests for or exceptions to charges on the measure of damages, and by the offering of and objection to evidence tending to show a value different from that agreed on in the bill.

The application for rehearing is overruled.