(76 South. 470)

SOUTHERN RY. CO. v. PROPST & DUCKWORTH. (6 Div. 946.)

(Court of Appeals of Alabama. June 26, 1917.)

1. APPEAL AND ERROR ⬩713(3) — RECORD — INSTRUCTIONS.

An assignment that trial court erred in giving general affirmative charge cannot be considered, where the charge is set out in the bill of exceptions, but not in the record proper, as required by Acts 1915, p. 815.

2. CARRIERS ⬩228(4)—DAMAGES—EVIDENCE.

Where bill of lading, providing that, should damage occur to live stock for which railway company may be liable, value at place and date of shipment shall govern settlement, is introduced in evidence by plaintiff, evidence of market value at place of destination is not admissible in action for damages to such live stock.

3. CARRIERS ⬩218(10) — CARRIAGE OF LIVE STOCK — LIMITATION OF LIABILITY — NOTICE OF LOSS.

Failure to comply with requirement of bill of lading that notice in writing of claim against the carrier for injury to shipment of live stock must be filed with carrier before live stock is removed from car or intermingled with other live stock is no bar to action against carrier for damages to interstate shipment.

Appeal from Circuit Court, Lamar County; Bernard Harwood, Judge.

Action by Propst & Duckworth, a partnership composed of J. M. Propst and L. F. Duckworth, against the Southern Railway Company, for damages for failure to deliver and for injury to certain cows and calves delivered by the plaintiffs to the defendant to be delivered to plaintiffs' broker in St. Louis. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Bankhead & Bankhead, of Jasper, for appellant. Walter Nesmith, of Vernon, for appellees.

SAMFORD, J. [1] There are but three assignments of error shown by the record; the first being that the court erred in giving the general affirmative charge in favor of the plaintiff, as requested in writing. This charge is set out in the bill of exceptions, but is not in the record proper, as required by the statute. Acts 1915, p. 815. Under the decisions construing this act, the court cannot consider this assignment of error. Carter v. State (4 Div. 474), ante, p. 184, 76 South. 468; Pilcher v. State, post, p. 237, 77 South. 75; Dempsey v. State, 15 Ala. App. 199, 72 South. 773.

[2] The second assignment of error is based on the action of the trial court in allowing the plaintiff to prove the market value of the animals in question at East St. Louis, the point of destination. Defendant's counsel, in the trial, specially objected to this testimony on the ground that it was in violation of a specific provision of the contract of shipment, to the effect that, should damage occur, for which the railway company would be liable, the value at the place and date of shipment shall govern the settlement. Over defendant's objection and exception, the plaintiff was allowed to prove the market value of the animals at St. Louis and the damage to the animals at that point. Section 6 of the contract of carriage, as shown by the bills of lading introduced in evidence by the plaintiff, so far as the same applies to this point, is in the following language:

"That should damage occur for which the railway company may be liable, the value at the place and date of shipment shall govern the settlement."

The bills of lading containing this clause were introduced in evidence by the plaintiff, and therefore we are bound to hold, under the authority of Ill. Central R. Co. v. J. R. Kilgore & Son, 12 Ala. App. 358, 67 South. 707, and Ex parte J. R. Kilgore & Son, 191 Ala. 671, 67 South. 1002, that the court committed error in admitting proof of the value of the cattle at East St. Louis, the point of destination. In view of the very elaborate and able opinion of Judge Thomas in the case just above cited, it is not necessary to discuss this point further.

[3] The third assignment of error, based upon the action of the court in sustaining plaintiff's demurrer to defendant's plea No. 3, which alleged, in substance, that the cause of action in this case is for loss or damage to a shipment of live stock involving interstate

commerce, and that the rights of the parties are governed by the provisions of the last two paragraphs (known as the Carmack Amendment) of section 20 of the act of Congress known as the act to regulate commerce, approved February 4, 1887 (24 Stat. 386, c. 104), as amended by Act Cong. June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 (U. S. Comp. St. 1916, §§ 8604a, 8604aa), and that the contract of shipment contained among others the following provision:

"Sec. 8. That as a condition precedent to any right to recover any damages for loss or injury to said live stock, notice in writing of the claim shall be given to the carrier actually delivering said live stock wherever such delivery be made, and such notice shall be given before said live stock is removed or is intermingled with any other live stock."

That under the federal statute, and the common law declared thereby, the said provision is valid, and that no claim was in this case filed by plaintiffs in accordance with the said quoted provision of the bill of lading, and that such failure is a complete bar to the cause of action sued on, has already been passed upon and settled adversely to the contention of the appellant in this case, as shown by the cases of Ill. Central R. Co. v. Kilgore & Son, 12 Ala. App. 358, 67 South. 707, and N., C. & St. L. R. Co. v. Hinds, 178 Ala. 657, 59 South. 669.

For the error pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.