# Louisville & Nashville R. R. Co. *v.* Jones.

## *Failure to Deliver Freight.*

(Decided November 10, 1914. Rehearing denied January 21, 1915. 67 South. 621.)

1. *Carrier; Goods; Limiting Liability.*—For injury or destruction of goods not caused by its own negligence, a common carrier may limit its liability by a contract establishing a reasonable proportion between the amount charged for carriage, and the amount limited, to be the extent of the carrier's liability.

2. *Same.*—In the absence of a statute, a common carrier cannot limit its laibility for loss or destruction of goods by its own negligence, where such limitation is much below the real worth of the goods; such a stipulation being regarded as against public policy.

3. *Same; Statutory Regulation.*—The fact that the state now regulates the rate which railroads may charge for the carriage of goods, and that the railroad commission of the state have approved one rate to be charged where no limitation is agreed upon, and another rate when the liability of the carrier is limited by special contract, cannot be considered as a statutory validation of the contract between the shipper and the carrier, fixing the maximum value of goods in case of their loss through the carrier's negligence at a sum greatly below their real worth; this is true although there was such a rate when the particular contract was entered into.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Action by T. U. Jones against the Louisville & Nashville Railroad Company. Judgment for plaintiff for $242.60, and defendant appeals. Affirmed.

The amount claimed in the complaint was $1,100. There was verdict and judgment for $242.60. Defendant set up the contract of shipment limiting the value of the hogs shipped to $5, together with the stipulation providing for a reduced rate of carriage because of the limitation in value. These facts were all agreed to be true, and it was further agreed that the market value or real value of the hogs at the time and place of shipment was $100 each.

GEO. W. JONES, J. M. FOSTER, S. L. FIELD and MALLORY & MALLORY, attorneys for appellant. Court erred in overruling defendant's demurrer to plaintiff's replication No. 2. Full effect should be given the limitation clause, as the defendant had filed with the railroad commission of Alabama a copy of its schedule and classification, as required by §§ 5521, 5522, Code 1907; 112 U. S. 331; 57 Law Ed. 314. It is insisted that under these authorities the ruling in the case of *A. G. S. R. R. Co. v. McCleskey*, 160 Ala. 630 should be departed from, as there is no question as to public policy involved.—*L. & N. R. R. Co. v. Williams*, 59 South. 673.

PETTUS, FULLER & LAPSLEY, for appellee. The court is concluded by the policy of this state as indicated by number of decisions against the views expressed by the appellant.—*A. G. S. R. R. Co. v. McCleskey*, 160 Ala. 630, and the authorities there cited.

PER CURIAM.—The effort of the defendant (the appellant here) was to give to the valuation of $5 each,

stated in the contract of shipment, of the two hogs, shipped from Montgomery to Bessemer, Ala., the death of which was due to the defendant's negligence, the effect of limiting the amount recoverable by the plaintiff to that stated in such valuation, with interest thereon, though it was admitted that the two hogs were really worth $100 each. It is settled in this state that a common carrier may limit its common-law liability by a stipulation in the contract of carriage, assented to by the shipper, which discloses a purpose to secure a just and reasonable proportion between the amount charged for the carriage and the amount for which the carrier is to be liable in the event of loss or injury. But, in the absence of a statute governing the matter, it is an established rule applicable to such contracts for the carriage of property between points in this state that the carrier cannot limit its liability for the negligent loss or destruction of the thing carried to a valuation of it agreed upon in consideration of a reduced charge for its carriage when such valuation is greatly below the real worth of the property; such a stipulation as to value being regarded as unreasonable and the enforcement of it against public policy, where the reduction in the freight charge from that which would have been made in the absence of such agreement is greatly less in proportion than the unreasonable depreciation of the real value of the thing carried which is shown by the stipulated valuation of it.—*Southern Ry. Co. v. Jones,* 132 Ala. 437, 31 South. 501; *Alabama Great Southern R. Co. v. Little,* 71 Ala. 611; *Mouton v. Louisville & Nashville R. Co.,* 128 Ala. 537, 29 South. 602; *Southern Express Co. v. Owens,* 146 Ala. 412, 41 South. 752; *Broadwood v. Southern Express Co.,* 148 Ala. 17, 41 South. 769.

It is contended by the counsel for the appellant that, in consequence of the regulation of railroad freight rates

which has been put into effect since the cases above cited were decided, the rules stated in the opinions rendered in those cases are no longer applicable, as now the rate chargeable when there is no stipulated valuation of the thing carried and no limitation of the carrier's common-law liability, and that chargeable when the value of the subject of the carriage and a limitation of the common-law liability of the carrier are agreed upon, are not such as the carrier may choose to impose, but each of such rates is to be regarded as a reasonable and proper one because it has been fixed by statute or filed with and approved by the State Railroad Commission. And it is contended that a result of the state's control of the rate to be charged in the one case or the other is that the valuation stated in a contract of shipment, which provides for a duly authorized reduced rate of freight in consideration of a limitation of the carrier's common-law liability, is to be regarded as governing in the determination of the amount for which the carrier is liable in the event of an injury to or destruction of the property which is due to the carrier's negligence. We are of opinion that a consideration of these contentions by this court is foreclosed by the ruling made in the case of *A. G. S. Ry. Co. v. McCleskey,* 106 Ala. 630, 49 South. 433. We may say that we have not been referred to any statutory provision which seems to us to indicate the existence of a legislative purpose to enable a common carrier to fix the limit of its liability for the negligent destruction of or injury to property undertaken to be carried by a gross undervaluation of that property, whether such undervaluation is assented to by the shipper or not. The existence of such a provision hardly can be inferred from the fact that the shipper is given his choice between two legally established rates, the higher one prevailing when there is no stipulated limitation of

the carrier's liability, and the reduced one applying when a legally authorized modification of that liability is agreed upon. There seems to be nothing in the allowing of such choice to be made to indicate the legalizing of a limitation of liability which was not permissible before the rates were legally fixed. The conclusion is that there was no error in the rulings which have been assigned as errors.

Affirmed.

NOTE.—The foregoing opinion was prepared by Presiding Judge WALKER before his retirement from the Court of Appeals, and has been adopted by the court.