# Louisville & Nashville Railroad Co. *v.* Jones.

## *Loss of Goods.*

(Decided May 13, 1915.   68 South. 871.)

*Carriers; Goods; Limiting Liability.*—A common carrier of goods may limit the value of goods and the damages recoverable for their loss or destruction, not occurring through its negligence, by a contract of shipment establishing a reasonable proportion between the rate for carriage and the amount limited, or when such limitation is not greatly below the real value of the property.

CERTIORARI to Court of Appeals.

T. U. Jones had judgment against the Louisville & Nashville Railroad Company for damages for the loss of freight, and defendant railroad company appealed to the Court of Appeals which affirmed the judgment of the lower court. The railroad company brings certiorari to review the judgment and decision of the Court of Appeals in that case. See *L. & N. R. R. Co. v. Jones,* 12 Ala. App. 347, 67 South.· 621. Writ denied.

MALLORY & MALLORY, and JONES, FOSTER & FIELD, for appellant.

PETTUS, FULLER & LAPSLEY, for appellee.

ANDERSON, C. J.—The opinion of the Court of Appeals is in line with the previous decisions of this court as to the extent to which a carrier can limit the value of goods and the recoverable damages, in case of loss or destruction, under a contract of shipment.—*A. G. S. R. R. Co. v. McClesky,* 160 Ala. 630, 49 South. 433; *Southern Railway Co. v. Jones,* 132 Ala. 437, 31 South. 501. Counsel, in a very strong and able brief, insist

that the rule laid down in the former decisons should be departed from, as conditions have been changed by law-fixed rates, since the rendition of all of our former decisions on the subject, except the *McClesky Case, supra;* and it is insisted that this case should be overruled. We are also referred to a list of decisions by the United States Supreme Court, which are not in line with our own case, to wit, *Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, and many others, upholding contracts fixing the value of the articles shipped whether said valuation was reasonable or not; and we are urged to adopt the same rule as there laid down, so as to make it apply to intrastate shipments. Should this court feel inclined to adopt a rule of uniformity, the same could not now be accomplished by following the federal cases on the subject, for the reason that Congress has very recently (Act March 4, 1915, c. 176, 38 Stat. 1196) changed the rule, and has in effect destroyed the doctrine as promulgated in said federal cases by forbidding such contracts as were there upheld, except as to a kind of shipment here involved. Therefore, if we are to have an uniform law as to interstate and intrastate shipments, the Legislature will have to duplicate the recent federal statute.

Writ denied. All the Justices concur.